CLARK v KMART CORPORATION (ON REMAND)

Docket No. 212749. Submitted November 28, 2001, at Detroit. Decided
    January 8, 2002, at 9:05 A.M.

    Annie and Walter Clark brought an action in the Wayne Circuit Court
        against Kmart Corporation, alleging that Annie Clark sustained
        injury as a result of the defendant's negligence when she slipped
        and fell on the floor of a closed checkout lane at one of the defen-
        dant's stores after stepping on some grapes that were on the floor.
        The court, Claudia House Morcom, J., entered judgment on a jury
        verdict and award of damages for the plaintiffs. The Court of
        Appeals, O'CONNELL, P.J., and WHITBECK, J. (M. J. KELLY, J., dissent-
        ing), reversed, holding that the trial court erred in denying the
        defendant's motion for a directed verdict inasmuch as the plaintiffs
        did not offer sufficient evidence indicating that the defendant had
        constructive notice of the hazardous condition that led to Mrs.
        Clark's injury. 242 Mich App 137 (2000). The Supreme Court
        reversed the Court of Appeals judgment and remanded the case to
        the Court of Appeals for consideration of the defendant's claims of
        trial court errors in jury instructions, holding that the record evi-
        dence was sufficient for the jury to find that the dangerous condi-
        tion that led to the injury existed for a sufficient period for the
        defendant to have known of its existence. 465 Mich 416 (2001).

        On remand, the Court of Appeals held:

        1. The trial court did not abuse its discretion by instructing the
        jury, in accordance with SJI2d 6.01(c), that the jury may draw an
        inference adverse to the defendant from the defendant's failure to
        produce evidence of the grapes or photographs of the accident
        scene if the jury believed that no reasonable excuse for the defen-
        dant's failure to produce evidence has been shown. SJI2d 6.01(c)
        should be given where, as here, a question of fact arises regarding
        whether a party has a reasonable excuse for its failure to produce
        the evidence, the court finds that the evidence was under the
        party's control and could have been produced by the party, and the
        evidence would have been material, not cumulative, and not
        equally available to the other party.

        2. The trial court did not abuse its discretion by instructing the
        jury that evidence that the grapes had previously been stepped on

establishes sufficiently that the grapes had been there long enough to give the defendant actual or constructive notice. To the extent that the instruction misstated the law regarding constructive notice, the instruction was erroneous. Nevertheless, reversal is not warranted in the absence of unfair prejudice to the defendant, given the Supreme Court's conclusion that in this case there was evidence independent of the condition of the grapes that indicates that the grapes had been on the floor for a long enough period that the defendant should have been aware of a potentially dangerous condition.

3. The trial court did not abuse its discretion by declining to instruct the jury about comparative negligence. An individual shopping in a self-service store is entitled to presume that passageways provided for the use of customers are reasonably safe, and is not under an obligation to see every defect or danger in his pathway. The facts of this case did not establish negligence by Mrs. Clark and did not support a comparative negligence instruction.

Affirmed.

1. COURTS — JURY INSTRUCTIONS — APPEAL.

Claims of instructional error are reviewed de novo, and jury instructions are examined as a whole, not extracted piecemeal, to establish error; the instructions should include all the elements of the plaintiff's claims and should not omit material issues, defenses, or theories if the evidence supports them; even if somewhat imperfect, instructions do not create error requiring reversal if, on balance, the theories of the parties and the applicable law are adequately and fairly presented to the jury; reversal for instructional error will be granted only where failure to do so would be inconsistent with substantial justice.

2. COURTS — STANDARD JURY INSTRUCTIONS.

A trial court, merely because the evidence in a case may include the subject matter of a Standard Jury Instruction, upon request of counsel, need not automatically read every Standard Jury Instruction that might tangentially touch on the subject matter; it is for the trial court to determine when a standard instruction is applicable, not in an abstract or theoretical sense, but in the context of the particular case with due regard for the parties' theories of the case and counsel's legitimate desire to structure final argument in relation to anticipated jury instructions (MCR 2.516).

3. COURTS — JURY INSTRUCTIONS — PARTY'S FAILURE TO PRODUCE EVIDENCE.

SJI2d 6.01(c) allows a jury to infer that evidence would have been adverse to the party having control of the evidence where that party fails to produce the evidence; the instruction should be given

where a question of fact arises regarding whether a party has a reasonable excuse for its failure to produce the evidence, the court finds that the evidence was under the party's control and could have been produced by the party, and the evidence would have been material, not cumulative, and not equally available to the other party.

*Lopatin, Miller, Freedman, Bluestone, Herskovic & Domol* (by *Richard E. Shaw*), for the plaintiffs.

*Cothorn & Stanczyk* (by *Suzanne C. Stanczyk*), for the defendant.

ON REMAND

Before: O'CONNELL, P.J., and JANSEN and WHITBECK, JJ.

O'CONNELL, P.J. This case is before us on remand from the Supreme Court following its review of our previous opinion in this case, *Clark v Kmart Corp*, 242 Mich App 137; 617 NW2d 729 (2000) (*Clark I*). Our Supreme Court reversed and remanded with instructions that we address defendant's claims of instructional error. *Clark v Kmart Corp*, 465 Mich 416; 634 NW2d 347 (2001) (*Clark II*). On remand, we affirm.

We articulated the pertinent facts underlying this appeal in our previous opinion:

[P]laintiff Annie Clark and her husband, plaintiff Walter Clark, visited defendant's Super Kmart store in Dearborn at approximately 3:30 A.M. on October 8, 1994. As they walked through a closed checkout lane into the store, Mrs. Clark sustained an injury when she slipped and fell on approximately four or five loose grapes that were scattered on the floor. Mr. Clark testified at trial that he saw footprints from "some big, thick, rubber-soled shoes" leading away from the

grapes, which were smashed on the floor. [*Clark I, supra* at 139.]

In our first opinion, we reversed[1] the trial court's denial of defendant's motion for a directed verdict, concluding that plaintiffs did not offer sufficient evidence to support the inference that defendant had constructive notice of the hazardous condition that led to Mrs. Clark's injury. In lieu of granting plaintiffs' application for leave to appeal, our Supreme Court reversed, concluding that the record evidence "was sufficient for the jury to find that the dangerous condition that led to the injury existed for a sufficient period of time for defendant to have known of its existence." *Clark II, supra* at 421. Given our resolution of defendant's claim of error concerning its motion for a directed verdict, we did not fully address defendant's remaining claims of instructional error. Our Supreme Court remanded to allow us the opportunity to address these claims.

In *Case v Consumers Power Co*, 463 Mich 1, 6; 615 NW2d 17 (2000), our Supreme Court recently articulated the principles of law that guide an appellate court's inquiry into claims of instructional error.

> We review claims of instructional error de novo. In doing so, we examine the jury instructions as a whole to determine whether there is error requiring reversal. The instructions should include all the elements of the plaintiff's claims and should not omit material issues, defenses, or theories if the evidence supports them. Instructions must not be extracted piecemeal to establish error. Even if somewhat imperfect, instructions do not create error requiring rever-

---

[1] Judge M. J. KELLY dissented, reasoning that plaintiffs proffered sufficient evidence from which the jury could infer that defendant had actual or constructive notice of the hazardous condition. *Clark I, supra* at 145.

sal if, on balance, the theories of the parties and the applicable law are adequately and fairly presented to the jury. *Murdock v Higgins*, 454 Mich 46, 60; 559 NW2d 639 (1997). We will only reverse for instructional error where failure to do so would be inconsistent with substantial justice. MCR 2.613(A); *Johnson v Corbet*, 423 Mich 304; 377 NW2d 713 (1985).

Defendant's claims of alleged error require us to review the trial court's decisions concerning the applicability of the Standard Jury Instructions (SJI). When a party so requests, a court must give a standard jury instruction if it is applicable and accurately states the law. MCR 2.516(D)(2). In *Johnson, supra* at 326-327, our Supreme Court explained that the determination regarding the applicability of an SJI to a particular case rests within the trial court's broad discretion:

> [I]t remains the duty of the trial court, as historically it has been, to determine the subject matter of the instructions to be given to the jury, and that includes the duty to determine the applicability of the particular SJI requested by counsel. That duty cannot be delegated to counsel. Merely because the evidence in a case may include the subject matter of an SJI, it does not mean that the court, upon request of counsel, is automatically required to read every SJI which might tangentially touch on the subject matter. The trial court's duty to determine the "applicability," under MCR 2.516, of a requested SJI runs deeper than that and calls for the exercise of discretion. . . . [I]t is for the trial court to determine when the SJI are applicable, not in an abstract or theoretical sense, but in the context of the "personality" of the particular case on trial, and with due regard for the adversaries' theories of the case and of counsel's legitimate desire to structure jury argument around anticipated jury instructions. [Citation omitted.]

Defendant first asserts that the trial court erred in instructing the jury in conformance with SJI2d

6.01(c).[2] Specifically, defendant claims that the instruction was not applicable because defendant proffered a reasonable excuse for its failure to preserve evidence concerning the location where Mrs. Clark slipped and fell. In our first opinion, we concluded that the instruction was not applicable because plaintiffs were not entitled to any presumption with respect to the condition of the grapes. On remand, we conclude that the trial court did not abuse its discretion in giving this instruction.

Over defendant's objection, the trial court instructed the jury in the following manner:

> The defendant in this case has not offered the evidence of the grapes and photograph of the accident at the time that it happened. As this evidence was under the control of the defendant and could have been produced by them, you may infer that the evidence would have been adverse to the defendant, if you believe that no reasonable excuse for defendant's failure to produce the evidence has been shown.

SJI2d 6.01 allows the jury to draw the inference that evidence would have been adverse where a party who is in control of the evidence fails to produce it at trial. *Lagalo v Allied Corp (On Remand)*, 233 Mich App 514, 521; 592 NW2d 786 (1999). However, because SJI2d 6.01 is phrased in a permissive manner,

---

[2] SJI2d 6.01(c) provides:

The [*plaintiff / defendant*] in this case has not offered [*the testimony of* _____ / _____ ]. As this evidence was under
name            identify exhibit
the control of the [*plaintiff / defendant*] and could have been produced by [*him / her*], you may infer that the evidence would have been adverse to the [*plaintiff / defendant*], if you believe that no reasonable excuse for [*plaintiff's / defendant's*] failure to produce the evidence has been shown.

the jury is not required to draw an adverse inference, but "is free to decide for itself." *Lagalo, supra; Brenner v Kolk*, 226 Mich App 149, 155-156; 573 NW2d 65 (1997). SJI2d 6.01(c) should be given where a question of fact arises regarding whether a party has a reasonable excuse for its failure to produce the evidence, the court finds that the evidence was under the party's control and could have been produced by the party, and the evidence would have been material, not cumulative, and not equally available to the other party. See Note on Use of SJI2d 6.01.

During trial, defendant's employee, Virginia Jones, testified that after she witnessed Mrs. Clark slip and fall, she wiped up the grapes with a paper towel and threw them away before contacting defendant's loss control department. According to Cornelius Jones, one of defendant's loss control associates, following an accident in the store, it was "standard protocol" for loss control staff to photograph the scene. Another loss associate, Lucius Scott, also testified that it was defendant's policy to photograph the scene where an accident occurred.

After a careful review of the record, we are not persuaded that the trial court abused its discretion in finding SJI2d 6.01(c) applicable under the circumstances. *Johnson, supra.* Whether cleaning up the grapes and discarding them before the scene was photographed was reasonable action in light of defendant's established policy of photographing an accident scene was a contested issue at trial. Further, the evidence was in defendant's control, and defendant could have provided a photograph of the scene with

the grapes intact.[3] In fact, Scott photographed the area where plaintiff fell shortly after Jones wiped up the grapes, and this photograph was entered into evidence at trial. Consequently, where defendant failed to proffer material evidence within its control and questions of fact concerning the reasonableness of such action existed, the trial court's decision to instruct on SJI2d 6.01(c) was not an abuse of discretion.

Defendant also challenges the following portion of the jury instructions, which were given over its objection.

> Now, a possessor of land . . . has a duty to exercise ordinary care to protect an invitee from unreasonable risks of injury that were known to the possessor or in the exercise of ordinary care that should have been known.
>
> Whether a condition should have been known is to be determined by the nature of the condition, the length of time it existed, and other relevant factors. *However, where there is evidence that the grapes had previously been stepped on sufficiently establishes that it had been there long enough to give the store actual or constructive notice.* [Emphasis supplied.]

On appeal, defendant contends that the trial court erred in reading to the jury the final sentence of this portion of the jury instructions, drawn from our Court's decision in *Ritter v Meijer, Inc*, 128 Mich

---

[3] In its brief on appeal, defendant maintains that its decision not to photograph the area where Mrs. Clark fell was attributable to Mrs. Clark's decision not to file an accident report immediately following her fall. However, according to Jones' testimony, she wiped up the grapes immediately after Mrs. Clark fell, before plaintiffs made any decision regarding whether to file an accident report. Moreover, to the extent that defendant maintains that it was not feasible for it to retain evidence of the smashed grapes, we note that photographing the grapes was not circumscribed in spite of the perishable nature of the fruit.

App 783, 787; 341 NW2d 220 (1983). In our previous opinion, we rejected the Court's reasoning in *Ritter* and declined to follow that decision on the basis of MCR 7.215(H)(1).[4] Specifically, we held that "the *Ritter* panel's conclusion, that the jury could infer that the defendant had constructive notice of the grape based on the fact that it was previously stepped on, to be too logically attenuated." *Clark I, supra* at 141-142. Because we rejected the *Ritter* Court's conclusion that " 'a stomped-upon grape is sufficient evidence to prove constructive notice of a slippery condition,' " *id.* at 144, quoting *Ritter, supra* at 787, we further held that the challenged jury instruction did not "accurately state the law." *Clark I, supra* at 144.

Our Supreme Court, after finding that *Ritter* was factually distinguishable, declined to address whether *Ritter* was correctly decided. Specifically, the Court concluded that evidence independent of the condition of the grapes suggested that the grapes had been on the floor for a long enough period that defendant should have been aware of a potentially dangerous condition. *Clark II, supra* at 419-420. Thus, our Supreme Court left undisturbed the portion of our opinion rejecting *Ritter*. On remand, we confirm our earlier holding that the trial court erred in giving the portion of the jury instructions drawn from *Ritter*. However, to the extent that this portion of the jury instructions may have misstated the law regarding constructive notice, we are not persuaded that reversal is warranted.

---

[4] Pursuant to amendments effective April 1, 2001, MCR 7.215(H)(1) has been redesignated MCR 7.215(I)(1). *Sumner v General Motors Corp (On Remand)*, 245 Mich App 653, 656, n 1; 633 NW2d 1 (2001).

Our courts are "reluctant to overturn a jury's verdict" where there is "ample evidence" to support the jury's decision, *Krohn v Sedgwick James of Michigan, Inc*, 244 Mich App 289, 295; 624 NW2d 212 (2001), and will do so only where we are satisfied that allowing the verdict to stand would be inconsistent with substantial justice. MCR 2.613(A); *Case, supra* at 6; *Johnson, supra* at 327. In light of our Supreme Court's unequivocal determination in this case that "the evidence was sufficient for the jury to find that the dangerous condition that led to the injury existed for a sufficient period of time for defendant to have known of its existence," *Clark II, supra* at 421, we are unable to conclude that the trial court's erroneous giving of the instruction unfairly prejudiced defendant and that failure to vacate the jury verdict would be "inconsistent with substantial justice." *Johnson, supra* at 332.

Finally, defendant argues that the trial court erred in declining to instruct the jury regarding comparative negligence.[5] See SJI2d 11.01. We disagree.

In *Placek v Sterling Heights*, 405 Mich 638, 653-654, 660-662; 275 NW2d 511 (1979), our Supreme Court adopted a pure form of comparative negligence. Under this pure form of comparative negligence, "a plaintiff's recovery of damages is reduced to the extent that [the] plaintiff's negligence contributed to the injury." *Kalamazoo Oil Co v Boerman*, 242 Mich App 75, 80; 618 NW2d 66 (2000). In *Pontiac School*

---

[5] Defendant further contends that any error was compounded by the trial court's decision to instruct the jury in conformance with SJI2d 10.04, concerning a plaintiff's duty to use ordinary care, and SJI2d 19.04, which provides that a plaintiff must use ordinary care while in a self-service store and is entitled to a presumption that the defendant will provide reasonably safe aisles and passageways.

*Dist v Miller, Canfield, Paddock & Stone*, 221 Mich App 602, 623; 563 NW2d 693 (1997), this Court articulated the proper standard for discerning whether an instruction on comparative negligence is appropriate.

> "When deciding whether an instruction on comparative negligence is appropriate, the question is whether, in viewing the evidence most favorably to the defendant, there is sufficient evidence for the jury to find negligence on the part of the injured plaintiff. . . . Circumstantial evidence and permissible inferences therefrom may constitute sufficient proof of negligence. . . . The trend is to allow all issues, when supported by facts, to go to the jury." [Quoting *Duke v American Olean Tile Co*, 155 Mich App 555, 565-566; 400 NW2d 677 (1986).]

However, a trial court's decision not to instruct the jury on comparative negligence does not amount to an abuse of discretion where the record evidence does not reveal that the plaintiff was negligent. *Rickwalt v Richfield Lakes Corp*, 246 Mich App 450, 460; 633 NW2d 418 (2001).

After reviewing the record evidence in the light most favorable to defendant, we are unable to conclude that the trial court abused its discretion in finding SJI2d 11.01 inapplicable. An abuse of discretion exists " ' "only if an unprejudiced person, considering the facts on which the trial court acted, would say that there was no justification or excuse for the ruling made." ' " *Id.* at 454, quoting *Berryman v Kmart Corp*, 193 Mich App 88, 98; 483 NW2d 642 (1992), in turn quoting *Gore v Rains & Block*, 189 Mich App 729, 737; 473 NW2d 813 (1991).

In support of its contention that Mrs. Clark was negligent, defendant points to Mrs. Clark's trial testimony, in which she stated that she did not see the

grapes before slipping on them. During cross-examination, Mrs. Clark further conceded that nothing obstructed her view of the aisle where she slipped and that she was not looking down at the floor while she was walking. However, the record reveals that when Mrs. Clark slipped and fell on the grapes, she and her husband were attempting to locate the grocery department of defendant's Super Kmart store. In *Jaworski v Great Scott Supermarkets, Inc*, 403 Mich 689, 699; 272 NW2d 518 (1978), our Supreme Court recognized that the determination whether a plaintiff was negligent depends on the facts of each case. Moreover, an individual shopping in a self-service store is entitled to presume that passageways provided for his use are reasonably safe, and is not under an obligation to see every defect or danger in his pathway. *Id.*; see also SJI2d 19.04. Under the circumstances, we are unable to conclude that the trial court's decision to omit the requested instruction was without justification or excuse. *Rickwalt, supra* at 454.

Affirmed.