**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 14a0565n.06

**Case No. 13-2573**

**FILED**
Jul 25, 2014
DEBORAH S. HUNT, Clerk

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| TANYA WIMBERLY, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE EASTERN |
| FORMAN MILLS, INC., | ) | DISTRICT OF MICHIGAN |
| | ) | |
| Defendant-Appellee. | ) | |
| | ) | |
| | ) | O P I N I O N |

BEFORE:     COLE, COOK, and WHITE, Circuit Judges.

COLE, Circuit Judge.  Hunting for men's cargo shorts, Tanya Wimberly visited Forman Mills, a retail chain and department store in Detroit.  Her search brought her to an aisle formed by two long clothing racks.  According to Wimberly, the aisle was narrow, and the messy, cluttered clothing racks obscured a clear plastic hanger on the ground.  Wimberly entered the aisle, slipped and fell, and injured her knee.  She sued the store in tort for premises liability.  The district court granted summary judgment to Forman Mills.  We affirm because the duty of care Forman Mills owed Wimberly did not encompass the situation presented here, where the hazard Wimberly encountered—a narrow aisle with messy clothing racks concealing a plastic hanger— was open and obvious but not unreasonably dangerous.

We review a district court's grant of summary judgment de novo. *Santiago v. Ringle*, 734 F.3d 585, 589 (6th Cir. 2013). The parties agree that Michigan substantive law governs this diversity action. *See Erie R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938). To establish a negligence claim in Michigan, a plaintiff must prove that (1) the defendant owed a legal duty to the plaintiff, (2) the defendant breached that duty, (3) the plaintiff suffered damages, and (4) the defendant's breach was a proximate cause of the plaintiff's damages. *Riddle v. McLouth Steel Prods. Corp.*, 485 N.W.2d 676, 681 n.10 (Mich. 1992).

A landowner owes an invitee a duty to use reasonable care to protect the invitee from an unreasonable risk of harm posed by a dangerous condition on the owner's property. *Hoffner v. Lanctoe*, 821 N.W.2d 88, 94 (Mich. 2012). But a landowner does not owe a duty to protect an invitee from an "open and obvious" danger, unless "special aspects" of the condition make even the open and obvious risk unreasonable. *Id.* at 94–95. A danger is open and obvious if "it is reasonable to expect that an average person with ordinary intelligence would have discovered it upon casual inspection." *Id.* Special aspects are those "that give rise to a uniquely high likelihood of harm or severity of harm," *Lugo v. Ameritech Corp., Inc.*, 629 N.W.2d 384, 387–88 (Mich. 2001), such as "when the danger is unreasonably dangerous or when the danger is effectively unavoidable," *Hoffner*, 821 N.W.2d at 96 (emphasis omitted).

The danger Wimberly faced was a narrow aisle between a pair of messy clothing racks, which obscured a clear plastic hanger on the ground beneath them. But the risk that messy racks lining a narrow aisle might obstruct an item beneath the racks is an open and obvious danger. It is reasonable to expect that an average person with ordinary intelligence would recognize the risk posed by this condition before entering the aisle. *See Hoffner*, 821 N.W.2d at 95; *see also Cudney v. Sears, Roebuck & Co.*, 21 F. App'x 424, 429–30 (6th Cir. 2001) (holding, under

Michigan law, that the plaintiff encountered an open and obvious risk when she tripped over the leg of a clothing rack covered by long dresses or slacks).  Nevertheless, aware of the aisle's condition, Wimberly chose to encounter the risk.  Moreover, Wimberly does not claim that any "special aspects" made the risk unreasonable.

Wimberly's only argument against applying the open and obvious doctrine relies on *Jaworski v. Great Scott Supermarkets, Inc.* and its progeny.  *See* 272 N.W.2d 518 (Mich. 1978). That case has been said to stand for the proposition that "an individual shopping in a self-service store is entitled to presume that passageways provided for his use are reasonably safe, and is not under an obligation to see every defect or danger in his pathway."  *Clark v. Kmart Corp.*, 640 N.W.2d 892, 898 (Mich. Ct. App. 2002).  But, as more recent Michigan cases highlight, *Jaworski* was a case about contributory negligence—that is, whether the plaintiff was contributorily negligent in failing to observe and avoid slipping on a spilled substance.  *Kennedy v. Great Atl. & Pac. Tea Co.*, 737 N.W.2d 179, 183 (Mich. Ct. App. 2007) (per curiam). *Jaworski* thus has no bearing on whether a defendant owes a plaintiff a duty in the first place, and thus is not relevant to the open and obvious doctrine.  *Id.* at 183–84.  *But see Quinto v. Woodward Detroit CVS, LLC*, No. 311213, --- N.W.2d ----, 2014 WL 1688072, at *2 (Mich. Ct. App. Apr. 29, 2014) (observing that the open and obvious doctrine should not apply to "floor-level hazards in the display aisleways of a self-service retail store," but finding the court bound by *Kennedy*).

Because the hazard here was open and obvious, but not unreasonably dangerous, Forman Mills did not owe Wimberly a duty to protect or warn her from the risk at issue.  *See Hoffner*, 821 N.W.2d at 94–95.  Accordingly, on the evidence before the court, Wimberly cannot make

out her negligence claim.  Since we resolve the case under the open and obvious doctrine, we need not reach the parties' arguments about whether Forman Mills had notice of the risk.

We affirm the district court's grant of summary judgment.