# STATE OF MICHIGAN

# COURT OF APPEALS

---

DENISE FOWLER as Next Friend of
VIRGINIA JANE RAWLUSZKI,

        Plaintiff-Appellee,

v

MENARD, INC.,

        Defendant-Appellant.

UNPUBLISHED
September 15, 2015

No. 310890
Bay Circuit Court
LC No. 11-003317-NO

---

Before: RONAYNE KRAUSE, P.J., and WILDER and STEPHENS, JJ.

PER CURIAM.

This case arises from a pedestrian-vehicle collision in defendant Menard's parking lot. The circuit court denied a motion for summary disposition filed by defendant. This Court initially denied defendant's application for leave to appeal.[1] This matter is before us on remand from the Supreme Court for consideration as on leave granted.[2] For the reasons set forth in this opinion, we affirm.

## I. BACKGROUND

Denise Fowler (plaintiff) is next friend and the daughter of deceased Virginia Jane Rawluszki (the decedent) in this premises liability action against defendant Menard, Inc. Decedent was struck by a motor vehicle as she walked in the crosswalk from the defendant's store to the defendant's parking lot. She suffered a brain injury that eventually led to her death. Decedent filed her original complaint on May 3, 2011, against Dale Paul VanWert, as driver of the vehicle that struck her, and defendant as landowner. The complaint included claims of negligence that VanWert failed to exercise reasonable care in the operation of his vehicle and that defendant failed in its duties and obligations to decedent as an invitee. Defendant filed an answer and notice of affirmative defenses that included: comparative negligence, open and obvious, lack of notice, collateral source, failure to mitigate damages, fault of others, and failure to state a claim upon which relief can be granted. The complaint was amended on January 24,

---

[1] *Fowler v Menard, Inc*, unpublished order of the Court of Appeals, entered May 16, 2013 (Docket No. 310890).

[2] *Fowler ex rel. Rawluszki v Menard, Inc*, 495 Mich 897; 839 NW2d 205 (2013).

-1-

2012, substituting Fowler as next of friend for the then incapacitated decedent, and adding Lisa Gingerich, the owner of the vehicle driven by VanWert, as a defendant.

Plaintiff asserted that the crosswalk created a feigned zone of safety and that defendant had a duty to take extra measures to install signage or traffic signals to warn oncoming vehicles of the pedestrian crossing. Defendant filed its motion for summary disposition under both MCR 2.116(C)(8) and (10) arguing that the crosswalk, as part of its parking lot, was an open and obvious condition such that a pedestrian could anticipate the danger of vehicles driving through. Relying heavily on the case of *Richardson v Rockwood Center, LLC*, 275 Mich App 244; 737 NW2d 801 (2007), defendant urged the trial court to find, like the court in *Richardson* did, that the lack of signs or other traffic control devices did not constitute a special aspect that would remove this case from the open and obvious doctrine. Plaintiff countered that the danger posed by the crosswalk was not open and obvious and, in the alternative, that the failure to employ signage created a special aspect.

In addition to the briefs submitted by plaintiff and defendant,[3] the court had the report of accident reconstruction expert Donald E. Smith, Jr., the depositions of VanWert and first responder Deputy Gillman, along with numerous diagrams, reports and other exhibits. Smith's report was critical of the design of the parking lot. Specifically the report indicated, "I also am of the opinion that the design of the crosswalks at this Menards are substandard for safety. . . . There are no warning signs, no pedestrian crosswalk warning signs or any type of signage. The combination of these design problems creates an unreasonable risk to pedestrians." Smith found that VanWert's driving negligence in combination with the parking lot's design were the causes of decedent's injury. VanWert stated in his deposition that he knew there was a crosswalk, that he did not see any markings for the crosswalk on the ground and acknowledged that he did not see the decedent before his car struck her because of the sun in his eyes. Deputy Gillman testified that VanWert's account of the accident to him was consistent with VanWert's deposition testimony and that his survey of the accident site supported the theory that the sun would have interfered with VanWert's vision. The pictorial evidence was consistent with the uncontested description of the crosswalk as being unmarked and in proximity to the entry and exit doors. Plaintiff also offered certain industry standard documents and publications from the Michigan Secretary of State.

The trial court denied defendant's motion, reasoning that while parking lot dangers were open and obvious there was a question of fact as to whether the crosswalk as designed created a special aspect that gave rise to a duty on the part of defendant as the premises owner. The court held that, while defendant might not have been required to do anything to its parking lot, once it did do something, it had to be done in a reasonable and non-negligent manner. While the court considered documentary and testamentary evidence implicating MCR 2.116(C)(10), it did not rule on proximate cause. The trial court issued an order both denying defendant's motion for summary disposition and staying proceedings to permit defendant's appeal to this Court. Defendant's motion for reconsideration was denied, also. This Court denied leave to appeal and

---

[3] VanWert and Gingerich did not participate in defendant's motion for summary disposition. They were later dismissed from this action after having reached a settlement with plaintiff.

defendant sought leave to appeal to the Supreme Court. That Court, in lieu of granting leave, remanded the case to this Court for review as if on leave granted.

## II. STANDARD OF REVIEW

This Court reviews de novo a trial court's decision on a motion for summary disposition. *Hoffner v Lanctoe*, 492 Mich 450, 459; 821 NW2d 88 (2012).

Defendant motioned the trial court for summary disposition under MCR 2.116(C)(8) and MCR 2.116(C)(10). A motion under MCR 2.116(C)(8) "tests the legal sufficiency of the complaint on the basis of the pleadings alone to determine if the opposing party has stated a claim for which relief can be granted." *Begin v Mich Bell Tel Co*, 284 Mich App 581, 591; 773 NW2d 271 (2009); MCR 2.116(G)(5). "All well-pleaded factual allegations are accepted as true and construed in a light most favorable to the nonmovant." *Maiden v Rozwood*, 461 Mich 109, 119, 597 NW2d 817 (1999). Summary disposition under MCR 2.116(C)(8) is proper when the nonmoving party has failed to state a claim on which relief can be granted. *MacDonald v PKT, Inc*, 464 Mich 322, 332; 628 NW2d 33 (2001). "[T]he existence of a legal duty is a question of law for the court to decide." *Anderson v Wiegand*, 223 Mich App 549, 554; 567 NW2d 452 (1997).

A motion under MCR 2.116(C)(10) "tests the factual sufficiency of a complaint." *Urbain v Beierling*, 301 Mich App 114, 122; 835 NW2d 455 (2013) (citation omitted). This Court can consider the pleadings, depositions, admissions, and documentary evidence in its review. MCR 2.116(G)(5). The evidence submitted is viewed in a light most favorable to the nonmoving party. *Latham v Barton Malow Co*, 480 Mich 105, 111; 746 NW2d 868 (2008). Summary disposition under MCR 2.116(C)(10) is proper when there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. *Maiden*, 461 Mich at 120. A genuine issue of material fact exists "when reasonable minds could differ on an issue after viewing the record in the light most favorable to the nonmoving party." *Allison v AEW Capital Management, LLP*, 481 Mich 419, 425; 751 NW2d 8 (2008) (citation omitted).

## III. DOES THE CROSSWALK CREATE A SPECIAL ASPECT?

We conclude that the trial court reached the right result. For reasons that we will discuss below, we find that there is a duty on the part of the landowner to install crosswalks in a reasonable and prudent manner. We also find that two material questions of fact remain: 1) whether this crosswalk was installed in a manner that increased the risk to the pedestrian, and if so, 2) whether the crosswalk installation was a proximate cause of decedent's injury.

Defendant argues here, as it did at the trial court, that this case is controlled by *Richardson*. The court in *Richardson* held that a landowner has no duty to warn or protect pedestrians from the dangers of vehicular and pedestrian traffic because those dangers are open and obvious. *Id*. at 249. Defendant denies that the creation of a marked crosswalk increases or obfuscates the open and obvious danger of pedestrian and vehicular traffic to create a special aspect and impose a duty on a landowner. Defendant asks this Court to analogize this case to the line of cases regarding criminal acts where a premises owner's hiring of security does not create the duty to insure the safety of patrons against criminal acts. See *Williams v Cunningham Drug*

*Stores, Inc,* 429 Mich 495; 418 NW2d 381 (1988). Defendant posits that a landowner who takes steps to create a crosswalk, cannot be held to a duty of ordinary care in the design of that crosswalk simply because the design was not the most effective available. Finally, defendant argues that the sole cause of the incident was VanWert's driving negligence.

Plaintiff, on the other hand, asks this Court to apply the holding in *Stitt v Holland Abundant Life Fellowship*, 462 Mich 591, 597; 614 NW2d 88 (2000), to this case and find that the crosswalk was a hidden danger or in the alternative that the crosswalk was a special aspect of the parking lot because the crosswalk created a pathway specifically for pedestrians which heightened the ordinary risks of being struck by a vehicle and created an artificial safety zone in which the decedent would have a reasonable presumption of safety. Plaintiff asks this court to be guided by the logic of cases from other jurisdictions, specifically, *Poloski v Walmart Stores, Inc*, 68 SW3d 445 (Mo App 2001) and *Bangert v Wal-Mart Stores Inc*, 295 Ill App 3d 418; 695 NE2d 57 (1998) to determine the issues in this case. In these latter two cases, the open and obvious doctrine was rejected and the specific layout of the parking was considered. In *Poloski*, the accident occurred in a crosswalk and Ms. Poloski died as a result of the accident. *Id*. at 447. There the court held that the jury could consider the absence of a crosswalk marking sign. *Id*. at 450. In *Bangert* there were no signs or crosswalks, but the court considered the danger of pedestrians walking through the parking lot while being distracted by their packages or their children and the little effort it would have taken Wal-Mart to address the foreseeable dangers. 295 Ill App 3d at 423.

The trial court made a ruling that a duty was owed to the decedent. Unless the decedent was owed some duty of care by defendant, plaintiff may not maintain an action for decedent's injury or death. "A negligence action may only be maintained if a legal duty exists which requires the defendant to conform to a particular standard of conduct in order to protect others against unreasonable risks of harm." *Burnett v Bruner*, 247 Mich App 365, 368; 636 N.2d 773 (2001) (citation omitted). We are reminded of the rule of *Fultz* that, "[i]f one voluntarily undertakes to perform an act, having no prior obligation to do so, a duty may arise to perform the act in a non-negligent manner." *Fultz v Union-Commerce Associates*, 470 Mich 460, 465; 683 NW2d 587 (2004). This duty is one recognized at common-law. See *Clark v Dalman*, 379 Mich 251, 260-261; 150 NW2 755 (1967).

The duties of a landowner have been further defined. In general, a landowner has a duty to "exercise reasonable care to protect [an] invitee from an unreasonable risk of harm caused by a dangerous condition on the land." *Lugo v Ameritech Corp, Inc*, 464 Mich 512, 516; 629 NW2d 384 (2001) (citation omitted). This duty of reasonable care however, does not extend to open and obvious dangers because such dangers are supposed to be easily discernible to an invitee and an invitee has a "coexisting ability to take reasonable measures to avoid such hazards." *Bailey v Schaaf*, 494 Mich 595, 606; 835 NW2d 413 (2013). Nonetheless, there are some instances where even an open and obvious danger is so great that the law imposes an additional duty on the landowner again to exercise reasonable care to protect his invitees from it. As explained in *Lugo*,

> if the particular activity or condition creates a risk of harm *only* because the
> invitee does not discover the condition or realize its danger, then the open and
> obvious doctrine will cut off liability if the invitee should have discovered the

condition and realized its danger. On the other hand, if the risk of harm remains unreasonable, despite its obviousness or despite knowledge of it by the invitee, then the circumstances may be such that the landowner is required to undertake reasonable precautions. [464 Mich at 516-517.]

When an activity or condition on an owner's land creates a risk that is unreasonably dangerous, it is referred to as a special aspect of the land. When special aspects exist, the premises owner has a duty to undertake reasonable precautions to protect invitees from the unreasonable risks created. *Id. at 517*. Our Supreme Court has recognized two instances where special aspects give rise to liability: "when the danger is *unreasonably dangerous* or when the danger is *effectively unavoidable*. *In either circumstance*, such dangers are those that 'give rise to a uniquely high likelihood of harm or severity of harm if the risk is not avoided[.]' " *Hoffner*, 492 Mich at 463 (citation omitted).

This Court addressed parking lot hazards in *Richardson*. There, we opined that the risks of potentially calamitous interactions between pedestrians and automobiles were open and obvious. Therefore, this Court found that there was neither a duty to protect the pedestrian or warn the driver regarding the risks of harm. In the instant case, the trial court acknowledged that precedent, as do we. However, the trial court noted that the crosswalk as designed altered the nature of the parking lot much in the way the natural accumulation of ice and snow could be altered as to increase or conceal the known risks from such conditions to the extent that a duty in certain circumstances could be imposed on the landowner. We agree, but analogize not to snow and ice but to cases involving certain affirmative acts of merchant landowners.

Storeowners were defined as special class of landowners in *Clark v Kmart Corp*, 465 Mich 416, 419; 634 NW2d 347 (2001). On remand, in *Clark*, this Court observed that, "an individual shopping in a self-service store is entitled to *presume* that passageways provided for his use are reasonably safe, and is not under an obligation to see every defect or danger in his pathway." *Clark v Kmart Corp* (*On Remand*), 249 Mich App 141, 152; 640 NW2d 892 (2002) (emphasis added), citing *Jaworski v Great Scott Supermarkets, Inc*, 403 Mich 689, 699; 272 NW2d 518 (1978). Discussing end caps designed by the merchant to attract a customer's attention, our Supreme Court in *Jaworski* wrote, " . . . The storekeeper certainly intended that his customers would devote the major part of their attention to the merchandise which was being displayed, rather than to the floor to discover possible obstructions in the aisle, . . . A patron of a self-service type store . . . is entitled to rely upon the presumption that the proprietor will see that the passageways provided for his use are reasonably safe . . ." 403 Mich at 699-700. Two recent cases from this Court have addressed *Jaworski*; *Kennedy v Great Atlantic and Pacific Tea Co*, 274 Mich App 710; 737 NW2d 179 (2007) and *Quinto v Woodward Detroit CVS, LLC*, 305 Mich App 73; 850 NW2d 642 (2014).

*Kennedy* first acknowledged *Bertrand v Alan Ford, Inc*, 449 Mich 606; 537 NW2d 185 (1995), and its pronouncement that "the possessor of land can and should anticipate that the dangerous condition will cause physical harm to the invitee notwithstanding its known or obvious danger. We fully recognize that such reason to expect harm to the visitor from known or obvious dangers may arise, for example, where the possessor has reason to expect that the invitee's attention may be distracted, so that he will not discover what is obvious." *Kennedy*, 274 Mich at 718 (internal quotation marks and citations omitted). *Kennedy* concluded, "that in

such cases the open and obvious doctrine will not bar the defendant's duty to the invitee." *Id*. *Quinto* reminds us that the principles of *Clark* and *Jaworski* regarding a distracted invitee must be understood within the context of *Lugo*. *Quinto*, 305 Mich App at 78-79. Again referring to *Jaworski*, plaintiff asks us to conclude that all shoppers, as a matter of course, are distracted by supermarket displays and merchandise. The *Kennedy* court cited *Charleston v Meijer, Inc*, 124 Mich App 416, 419; 335 NW2d 55 (1983), for the caution that,"[w]e see no valid reason to extend *Jaworski* and create a special standard of care for supermarket patrons." Thus, *Kennedy* blended *Lugo* with *Clark* and held that a special aspect could be demonstrated with the introduction of case specific facts "with respect to whether defendant knew or should have known that his, [the injured party's,] attention would be distracted away from the open and obvious danger." *Kennedy*, 274 Mich App at 719. *Quinto*, acknowledging the precedent of *Kennedy*, persuasively argued that *Lugo*'s focus was on conditions to the land that were neither created by the landowner nor continuous. *Quinto*, 305 Mich App at 78-79. The crosswalk here was created by the landowner and was a continuous condition on that land.

The question decided by the trial court in the instant case was whether there was any duty owed to the decedent. In its ruling, the court noted that the decedent was presumed to have acted with due care for her own safety, and that defendant created the crosswalk with the intent to draw pedestrian traffic. The court found that this continuous, intentionally created feature of the property created a safety zone, was a special aspect, and warranted the imposition of a duty of care. Defendant has not submitted anything to question whether it knew or should have known that the crosswalk it created would give the pedestrian a sense of safety or distraction. Smith's expert report, offered by plaintiff, supports such a finding, however.

We decline to address the sole proximate cause argument of defendant. The trial court was not asked to determine if there was a material question of fact as to VanWert's negligence, and we will not address a question neither considered nor decided by the trial court. *Coates v Bastian Bros, Inc*, 276 Mich App 498, 509-510; 741 NW2d 539 (2007).

Affirmed.

/s/ Amy Ronayne Krause
/s/ Cynthia Diane Stephens