## CHARLESTON v MEIJER, INC

Docket No. 60387. Submitted November 5, 1982, at Grand Rapids.—
Decided March 22, 1983. Leave to appeal applied for.

Plaintiff, Alice Charleston, slipped on some water and fell in a
supermarket owned by defendant, Meijer, Inc. Plaintiff brought
an action in the Kent Circuit Court and obtained a judgment in
a jury verdict of $15,000 and a finding of 50% comparative
negligence of the plaintiff, Roman J. Snow, J. Plaintiff ap-
pealed. *Held:*

Instructions on comparative negligence should not be given
in the absence of any evidence demonstrating negligence on the
part of the plaintiff. There was evidence to support the giving
of the instruction.

Affirmed.

R. M. MAHER, J., dissented. He would hold that reasonable
minds could not differ in concluding that plaintiff was not
negligent. He would reverse.

### OPINION OF THE COURT

1. NEGLIGENCE — COMPARATIVE NEGLIGENCE — JURY INSTRUCTIONS —
SUPERMARKETS — SLIP AND FALL.

An instruction to the jury on the issue of comparative negligence
in an action for slip and fall injuries in a supermarket was not
error where it was undisputed that the plaintiff did not see
water on the floor before she fell but that after falling she saw
water dripping from several hanging plants.

### DISSENT BY R. M. MAHER, J.

2. NEGLIGENCE — COMPARATIVE NEGLIGENCE — JURY INSTRUCTIONS —
SUPERMARKETS — SLIP AND FALL.

*An instruction to the jury on the issue of comparative negligence*

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] Am Jur 2d New Topic Service, Comparative Negligence § 56.
57 Am Jur 2d, Negligence §§ 438, 447.
Modern status of rules requiring showing of notice of proprietor of
transitory interior condition allegedly causing plaintiff's fall. 85
ALR3d 1000.

*in an action for slip and fall injuries in a supermarket was
error where it was undisputed that the plaintiff did not see
water on the floor before she fell but that after falling she saw
water dripping from several hanging plants.*

*William J. Garlington,* for plaintiff.

*Cholette, Perkins & Buchanan* (by *Jeffery H.
Beusse),* for defendant.

Before: MACKENZIE, P.J., and R. M. MAHER and
C. W. SIMON,* JJ.

PER CURIAM. Plaintiff, Alice Charleston, brought
this action for damages occasioned by her fall in a
supermarket owned by defendant, Meijer, Inc. The
jury returned a verdict of $15,000 in favor of
plaintiff but also found her 50% comparatively
negligent. Accordingly, plaintiff's recovery was re-
duced by 50%. Plaintiff appeals as of right, claim-
ing that the trial court erred in allowing the issue
of comparative negligence to go to the jury.

Instructions on comparative negligence should
not be given in the absence of any evidence dem-
onstrating negligence on the part of the plaintiff.
*Jaworski v Great Scott Supermarkets, Inc,* 403
Mich 689; 272 NW2d 518 (1978); *Bluemlein v
Szepanski,* 101 Mich App 184; 300 NW2d 493
(1980), *lv den* 411 Mich 995 (1981). Plaintiff argues
that the Supreme Court's decision in *Jaworski*
requires us to find that the trial court erred. We
do not agree.

In *Jaworski,* the plaintiff also slipped and fell in
a supermarket. The plaintiff testified that as she
walked past a hand truck, she reached for a carton
of milk and slipped on some cottage cheese. The
plaintiff's view was blocked by the handcart The

* Circuit judge, sitting on the Court of Appeals by assignment.

defendant's version of the event was that, a few moments before the fall, a customer a few steps ahead of the plaintiff dropped a carton of cottage cheese, into which the plaintiff immediately stepped. On these facts, a majority of the court found that reasonable minds could not differ in concluding that the plaintiff was not contributorily negligent.

In the present case, plaintiff slipped in a puddle of water, described variously by plaintiff as "quite a bit" and a "little bit". Plaintiff testified that she did not see the puddle before she fell. Upon falling, however, plaintiff testified that she saw water dripping from more than one hanging plant.

We conclude that the trial judge properly allowed the issue of comparative negligence to go to the jury. There was evidence that the water could be seen dripping from the plants. Unlike *Jaworski,* there was no evidence that plaintiff's view was blocked. Plaintiff's testimony that there was "quite a bit" of water on the floor also suggests that the water could have been seen by a person exercising reasonable care.

We do not agree with plaintiff's claim that *Jaworski* created a heightened standard of care for supermarkets or that this standard, if it existed, somehow would lower a plaintiff's standard of care. In *Jaworski,* the Supreme Court held that, under the circumstances of the case, no evidence was submitted to show that the plaintiff failed to exercise reasonable care. The Court did state that modern supermarkets are designed to attract one's view away from the floor and that a customer is not "under an obligation to see every defect or danger in his pathway". 403 Mich 699. However, we cannot read that statement to mean that the customer may remain blind to visible dangers. The

structure of a supermarket is merely a factor the jury may consider when deciding whether the plaintiff exercised reasonable care.

We see no valid reason to extend *Jaworski* and create a special standard of care for supermarket patrons. The Supreme Court's decision in *Placek v Sterling Heights,* 405 Mich 638; 275 NW2d 511 (1979), has abrogated the harsh doctrine of contributory negligence. With the advent of comparative negligence in Michigan, we find that *Jaworski* no longer states the applicable law and would not be followed by the Supreme Court. The trend is towards allowing all issues, when supported by facts, to go to the jury and away from arbitrary policy distinctions. See *Hardy v Monsanto Enviro-Chem Systems, Inc,* 414 Mich 29; 323 NW2d 270 (1982). We choose not to create such a distinction for supermarket patrons.

Affirmed.

R. M. MAHER, J. *(dissenting).* I respectfully dissent.

I disagree with the majority's assertion that *Jaworski v Great Scott Supermarkets, Inc,* 403 Mich 689; 272 NW2d 518 (1978), does not control this case. *Jaworski* was decided before comparative negligence replaced contributory negligence as the law of this state. Its holding, however, is still applicable. *Jaworski* held that, on the facts of that case, the plaintiff could not have been found negligent. Perhaps the Court was sympathetic to the plaintiff's position because under the then-current system of contributory negligence a negligent plaintiff could not recover. But the Court's opinion evidences no such concern. As such, *Jaworski* is still applicable in today's system of comparative negligence and controls this case.

The majority distinguishes this case from *Jaworski* on the ground that, unlike *Jaworski*, there was no evidence here that plaintiff's view was obstructed. The presence of the obstructing handcart in *Jaworski* was not critical to the Court's holding. The Court stated clearly the factors underlying its holding:

"In the instant case, it is undisputed that plaintiff neither saw the cottage cheese on defendant's floor, nor did she hear it fall to the floor. Further, the evidence as to the color of the floor supports the conclusion that the spilled cottage cheese was relatively inconspicuous. Finally, plaintiff testified that she slipped and fell on the cottage cheese on the floor as she reached for a carton of milk on the dairy counter. Even on the basis of the testimony most favorable to defendant, the fact remains that plaintiff slipped and fell as her attention was naturally directed toward the milk display counter." (Footnote omitted.) *Jaworski, supra,* p 698.

This case presents a remarkably similar set of facts. The plaintiff was unaware of the water on the floor. The water was relatively inconspicuous. Finally, plaintiff slipped as she was looking for plants.

I agree that *Jaworski* did not announce a new standard of care for supermarket patrons. The facts of this case, however, are indistinguishable from those in *Jaworski.* Thus, I would hold that under *Jaworski* reasonable minds would not differ in concluding that plaintiff was not negligent in failing to use reasonable care for her own safety.

I would reverse.