QUINTO v WOODWARD DETROIT CVS, LLC

Docket No. 311213. Submitted November 6, 2013, at Detroit. Decided
April 29, 2014, at 9:00 a.m. Leave to appeal denied, 497 Mich ___.

Elena Quinto brought an action in the Macomb Circuit Court against
Woodward Detroit CVS, LLC, seeking damages for injuries sus-
tained when she tripped and fell while shopping in defendant's
self-service retail store. The accident occurred when plaintiff, after
walking down a display aisle and starting to turn the corner at the
end of the aisle, tripped on a removable low platform used to
support heavy displays of items. Defendant sought summary
disposition on the basis that the platform was an open and obvious
hazardous condition that it had no duty to warn plaintiff about.
The court, Matthew S. Switalski, J., agreed and granted summary
disposition in favor of defendant. Plaintiff appealed.

The Court of Appeals *held*:

Pursuant to MCR 7.215(J)(1), the decision of the Court of
Appeals in *Kennedy v Great Atlantic & Pacific Tea Co*, 274 Mich
App 710 (2007), must be followed in this case. *Kennedy* held that
mere distractions in the form of advertising and merchandise
displays in a store are not sufficient to prevent application of the
open and obvious danger doctrine absent something unusual
about the distractions. Application of *Kennedy* in this case requires
affirmance of the trial court's order. Were this panel not required
to follow *Kennedy* and affirm, it would reverse and remand to the
trial court and hold that the merchandise-display aisleways of a
self-service retail store present particular circumstances to the
extent that the open and obvious danger doctrine does not elimi-
nate the duty of the store to take reasonable actions to make the
aisleways reasonably safe for its customer-invitees. A special
conflict panel should be convened to address the conflict between
*Kennedy* and this opinion.

Affirmed.

CAVANAGH, J., concurring in the result only, expressed his
agreement with the analysis and holding in *Kennedy* and stated
that a special panel should not be convened. Self-service retail
store owners owe the same duty of care as other premises owners.
That duty is to exercise reasonable care to protect customer-

invitees from an unreasonable risk of harm caused by a dangerous condition in the store, including in the aisles. If special aspects of an open and obvious condition create an unreasonable risk of harm, the store owner is not relieved of its duty to protect its customer-invitees from that risk. But the mere possibility that customers might be distracted by the merchandise displays and advertisements commonly found in all self-service retail stores, alone, neither relieves customers of their duty to exercise reasonable care for their own safety nor imposes a unique duty on the store owners to protect customers from even open and obvious hazardous conditions that do not pose an unreasonable risk of harm. Defendant did not have a duty to protect plaintiff from tripping over the display platform. The trial court's order should be affirmed on this basis.

*Christopher R. Baratta* for plaintiff.

*Kitch Drutchas Wagner Valitutti & Sherbrook* (by *Dean A. Etsios* and *Beth A. Wittmann*) for defendant.

Before: M. J. KELLY, P.J., and CAVANAGH and SHAPIRO, JJ.

SHAPIRO, J. Plaintiff appeals by right the trial court order that granted summary disposition in favor of defendant under MCR 2.116(C)(10) in this action arising out of a trip and fall in defendant's self-service retail store.[1] Plaintiff filed a complaint against defendant alleging a single count styled as "storekeeper liability." The trial court granted defendant's motion for summary disposition on the basis that the object on which plaintiff tripped was an open and obvious hazardous condition. We conclude, consistent with Michigan Supreme Court caselaw, that the merchandise-display aisleways of a self-service retail store present particular circumstances to the extent that the open and obvious

---

[1] We review de novo a trial court's grant of summary disposition under MCR 2.116(C)(10). *Ernsting v Ave Maria College*, 274 Mich App 506, 509; 736 NW2d 574 (2007).

danger doctrine does not eliminate the duty of the store to take reasonable actions to make those aisleways reasonably safe for its customer-invitees. While this conclusion would require that we reverse and remand, we are bound, MCR 7.215(J)(1), by the decision in *Kennedy v Great Atlantic & Pacific Tea Co*, 274 Mich App 710; 737 NW2d 179 (2007), which rejected this view. Accordingly, we affirm and request that this Court convene a special conflict panel pursuant to MCR 7.215(J)(2).

Plaintiff was shopping in defendant's retail store. She walked down a display aisle and began to turn the corner at the end of the aisle. Projecting from the end of the aisle was a very low platform used to support heavy displays of items such as high stacks of cases of pop. The platform was not affixed to the floor and defendant does not dispute that it served no function on that day, because it was not needed and could easily have been removed.[2] In her statement given to defendant shortly after the incident, plaintiff stated that when she reached the end of the aisle, she was "looking at cereal and turned the corner" and then "tripped over the end cap display," i.e., the floor-level platform. Plaintiff conceded that she was not looking down at the floor while walking.

Plaintiff filed a negligence suit. "To establish a prima facie case of negligence, a plaintiff must prove four elements: (1) a duty owed by the defendant to the plaintiff, (2) a breach of that duty, (3) causation, and (4) damages." *Case v Consumers Power Co*, 463 Mich 1, 6; 615 NW2d 17 (2000). "The duty that a possessor of land

---

[2] A portable cardboard display was on the platform, covering a small portion of it. Defendant concedes that this type of display does not require a platform and that there was no reason for the platform to have been left at that location.

owes to another person who is on the land depends on the latter person's status." *Hampton v Waste Mgt of Mich, Inc*, 236 Mich App 598, 603; 601 NW2d 172 (1999). In this case, it is uncontested that plaintiff was an invitee on the day of the fall.

It is a fundamental common-law principle that a premises owner owes a duty "to exercise reasonable care to protect invitees from an unreasonable risk of harm caused by a dangerous condition of the [premises]." *Bertrand v Alan Ford, Inc*, 449 Mich 606, 609; 537 NW2d 185 (1995) (quotation marks and citation omitted). Over the last two decades, however, our Supreme Court has limited this duty pursuant to the open and obvious danger doctrine. This doctrine was originally adopted in a very limited form in *Riddle v McLouth Steel Prod Corp*, 440 Mich 85; 485 NW2d 676 (1992), where the Supreme Court concluded that there is no duty to warn invitees of hazards they will easily discover on their own. In subsequent decisions, the Court broadened the scope of the open and obvious danger doctrine so that it greatly reduced not only the duty to warn, but also the general duty to maintain the premises in a safe condition. See, e.g., *Lugo v Ameritech Corp, Inc*, 464 Mich 512, 519-520; 629 NW2d 384 (2001).

The Supreme Court has never addressed the application of the doctrine in the context of its long-standing holdings that a self-service retail store owes a specific duty to its customer-invitees to provide reasonably safe display aisleways. *Clark v Kmart Corp*, 465 Mich 416, 419; 634 NW2d 347 (2001); *Jaworski v Great Scott Supermarkets, Inc*, 403 Mich 689, 699; 272 NW2d 518 (1978). The *Clark* Court observed that " '[i]t is the duty of a storekeeper to provide reasonably safe aisles for customers and he is liable for injury resulting from an

unsafe condition . . . caused by the active negligence of himself and his employees[.]' " *Clark*, 465 Mich at 419, quoting *Serinto v Borman Food Stores*, 380 Mich 637, 640; 158 NW2d 485 (1968), quoting the syllabus in *Carpenter v Herpolsheimer's Co*, 278 Mich 697; 271 NW 575 (1937). Further, as this Court observed, on remand, in *Clark*, "an individual shopping in a self-service store is entitled to *presume* that passageways provided for his use are reasonably safe, and is not under an obligation to see every defect or danger in his pathway." *Clark v Kmart Corp (On Remand)*, 249 Mich App 141, 152; 640 NW2d 892 (2002) (emphasis added), citing *Jaworski*, 403 Mich at 699.

These cases remain good law and, in our view, for good reason. As the Supreme Court explained in *Jaworksi*, self-service store aisles present a fundamentally different circumstance than do other premises, in that the store owner has purposefully displayed merchandise

> so that customers [can] inspect the merchandise as they walked in the aisles or passageways of the store. The storekeeper certainly intended that his customers would devote the major part of their attention to the merchandise which was being displayed, rather than to the floor to discover possible obstructions in the aisle . . . . A patron of a self-service type store . . . is entitled to rely upon the presumption that the proprietor will see that the passageways provided for his use are reasonably safe, considering the fact that while using these passageways he may be devoting some of his attention toward inspecting the merchandise. [*Jaworski*, 403 Mich at 699-700 (quotation marks and citation omitted).][3]

---

[3] Even the dissent in *Jaworski* did not dispute that the storeowner had a duty " 'to provide a reasonably safe aisle or aisles for customers.' " See *Jaworski*, 403 Mich at 705 (Moody, J., dissenting, quoting the trial court's jury instruction).

Our Supreme Court has never held that the open and obvious danger doctrine applies where a customer is injured by a hazard on the floor while the customer is looking at the store owner's displays placed directly along the aisle intended for walking. Nor has the Supreme Court overruled either *Jaworski* or *Clark*. Indeed, the Supreme Court's unanimous *Clark* opinion was issued *after* the decision in *Lugo* and reversed an opinion of this Court that had dismissed the plaintiff's claim. *Clark*, 465 Mich at 421, rev'g *Clark v Kmart Corp*, 242 Mich App 137; 617 NW2d 729 (2000). And, our review of all the opinions and orders of our Supreme Court since *Lugo* reveals no cases involving floor-level hazards in the display aisleways of a self-service retail store. Other than *Clark* and *Jaworski*, the Court has never addressed whether and how a store owner's purposeful and near-continuous display of merchandise and advertising along pedestrian aisleways affects the duties of that store owner with regard to floor-level hazards in those aisleways.

The only published decision of this Court since *Lugo* that addresses *Clark* and *Jaworski* is *Kennedy*, 274 Mich App 710. There, the panel chose not to apply *Clark* and *Jaworski*, instead citing *Lugo* for the general proposition that the presence of distractions does not affect the application of the open and obvious danger doctrine. *Id.* at 715-718. However, in *Lugo*, the distraction, a passing vehicle, was neither continuous nor created, let alone intentionally created, by the defendant. *Lugo*, 464 Mich at 514-515. By contrast, in *Clark*, 465 Mich at 416-421, and *Jaworski*, 403 Mich at 695-696, as in the instant case, the distractions from the floor were continuous, i.e., displays along all the aisleways, and were intentionally created by the defendant to command the customer's attention for a commercial purpose. Therefore, when defining the duty of a store

owner, the intentional and continuous actions of the store owners that lessen the ability of the customer-invitee to protect himself or herself must be taken into account.[4]

Moreover, this case presents a fundamentally different question than that presented in the many cases dealing with snowy and icy conditions. See, e.g., *Hoffner v Lanctoe*, 492 Mich 450; 821 NW2d 88 (2012). Wintry outdoor conditions are the result of a natural phenomenon and are present over broad areas of territory, not merely on the property of a single person or entity. These widespread weather conditions draw attention to themselves and invite heightened attention to the hazards they create. By contrast, in this case, defendant's

---

[4] Our state's adoption of the open and obvious danger doctrine was grounded in the text of 2 Restatement Torts, 2d, § 343A(1), p 218, which states: "A possessor of land is not liable to his invitees for physical harm caused to them by any activity or condition on the land whose danger is known or obvious to them, unless the possessor should anticipate the harm despite such knowledge or obviousness." See, e.g., *Riddle*, 440 Mich at 92-95. Comment *f* applicable to § 343A(1) of the Restatement goes on to state:

> There are, however, cases in which the possessor of land can and should anticipate that the dangerous condition will cause physical harm to the invitee notwithstanding its known or obvious danger. In such cases the possessor is not relieved of the duty of reasonable care which he owes to the invitee for his protection. [Restatement, § 343A, comment *f*, p 220.]

An illustration offered by the Restatement for this principle, illustration 2, bears a striking resemblance to the instant case as well as *Clark* and *Jaworski*:

> The A Department Store has a weighing scale protruding into one of its aisles, which is visible and quite obvious to anyone who looks. Behind and about the scale it displays goods to attract customers. B, a customer, passing through the aisle, is intent on looking at the displayed goods. B does not discover the scale, stumbles over it, and is injured. A is subject to liability to B. [Restatement, § 343A, p 220.]

purposeful action of displaying goods and advertisements in its aisleways created a distraction *away from the hazard*. And, the hazard was not a universally present natural phenomenon such as winter precipitation and freezing temperatures. Instead, the hazard was an isolated and unexpected variation in the otherwise consistent walking surface.

We note that defendant's actions in displaying its goods and advertisements are not improper; indeed, they represent marketing skill and desirable commerce. Recognizing that these actions distract customers from looking at the floor does not mean that the displays should be limited in any fashion. Rather, it requires that we determine the most economical means of avoiding the costs to society of unnecessary injuries. Providing effective marketing at a retail store necessitates that customers' attentions be directed away from their feet and toward the displays of merchandise and advertising. Since customer engagement with the displays results in greater commerce and economic benefit to both the store and the customer, this alteration of attention is economically desirable and should not be discouraged. However, it also naturally reduces the degree to which the law can expect customer-invitees to constantly attend to the condition of the floor over which they walk and increases the likelihood of injuries that cost resources and lower productivity.[5]

---

[5] Our dissenting colleague asserts that this Court rejected this argument in *Charleston v Meijer, Inc*, 124 Mich App 416; 335 NW2d 55 (1983). In that case, the plaintiff appealed a jury verdict in her favor that also found her 50% comparatively negligent. *Id.* at 417. This Court ruled that the trial court did not err by issuing a comparative negligence jury instruction. *Id.* at 418. As the dissent notes, the panel did state that a customer "may [not] remain blind to visible dangers." *Id.* However, the panel also stated that: "The structure of a supermarket is merely a factor the jury may consider when deciding whether the plaintiff exercised reasonable care." *Id.* at 418-419. Such is the case here—a jury could

*Clark* and *Jawroski* present an approach in which self-service retail store owners owe a duty to reasonably reduce the presence of hazards in store aisleways in light of their practices that distract a customer's gaze from the floor to merchandise and advertising displays. Such an approach allows the greatest degree of commercial freedom and access while also minimizing the social costs of unnecessary injuries. As noted by Justice MCCORMACK in *Bailey v Schaaf*, 494 Mich 595, 621; 835 NW2d 413 (2013) (MCCORMACK, J., concurring), in some situations, the defendant is "in the best position to reduce the risk of harm presented[.]" The issue, as she defined it, is which party is the "cheapest cost-avoider[]," i.e., which party is in the best position to minimize the risk of harm.[6] *Id.* Typically, that is the invitee, given their interest in self-protection and the unpredictability of distractions beyond the control of the premises owner. However, when the premises owner intentionally takes action that will, over an extended period, redirect the invitee's attention away from floor-level hazards, the premises owner thereby becomes the cheapest cost avoider as the likelihood of customer-invitee self-protection is substantially reduced.

Our holding should not be read to impose the duty of an insurer on retail store owners. Insurers are liable to their insureds as a matter of contract, and, with very few exceptions, their common-law duties are irrelevant

properly determine whether plaintiff exercised reasonable care. Moreover, in *Charleston*, the plaintiff made no assertion that her view of the hazard was blocked or that she did not see the hazard because of a distracting marketing display. Accordingly, to the extent *Charleston* even applies to the particular facts of this case, it does not preclude our holding.

[6] See, e.g., Calabresi, *The Costs of Accidents: A Legal and Economic Analysis* (New Haven: Yale University Press, 1970); Posner, *Economic Analysis of Law*, 7th ed (Aspen Publishers, 2007).

to their duty to pay. Insurers are essentially strictly liable as a matter of contract. Our opinion would not make retail store owners strictly liable for injuries to their customers and it would be error to interpret it as such. Self-service retail store owners could still maintain any of the defenses on the following nonexhaustive list: (a) that the claimed hazard was either not a hazard or not an unreasonable one under the circumstances, (b) lack of notice of the alleged hazard, (c) lack of "but-for" causation, (d) lack of proximate cause, (e) intentional acts by the plaintiff or third parties, and (f) comparative negligence, i.e., a customer-invitee's duty to reasonably safeguard himself or herself from injury under the circumstances remains even where the store owner owes a contemporaneous duty to reasonably safeguard its customers under the circumstances.

Absent this Court's ruling in *Kennedy*, 274 Mich App 710, we would apply the foregoing analysis, reverse the trial court's grant of summary disposition in favor of defendant, and remand for further proceedings. However, we are bound by *Kennedy*, MCR 7.215(J)(1), and so affirm and request this Court to convene a special conflict panel, MCR 7.215(J)(2).

Affirmed.

M. J. KELLY, P.J., concurred with SHAPIRO, J.

CAVANAGH, J. (*concurring in the result only*). I agree with this Court's analysis and holding in *Kennedy v Great Atlantic & Pacific Tea Co*, 274 Mich App 710, 714-719; 737 NW2d 179 (2007); therefore, I concur in the result only and conclude that a special conflict panel should not be convened under MCR 7.215(J)(2).

"[A] premises owner is not an insurer of the safety of invitees." See *Riddle v McLouth Steel Prod Corp*, 440

Mich 85, 94; 485 NW2d 676 (1992). Although, generally, a premises owner has a duty to exercise reasonable care to protect an invitee from an unreasonable risk of harm caused by a dangerous condition on the land, an invitee also has a duty to exercise reasonable care for his or her own safety. *Lugo v Ameritech Corp, Inc*, 464 Mich 512, 516; 629 NW2d 384 (2001); *Bertrand v Alan Ford, Inc*, 449 Mich 606, 616-617; 537 NW2d 185 (1995); *Charleston v Meijer, Inc*, 124 Mich App 416, 418-419; 335 NW2d 55 (1983).

Here, the majority imposes a heightened duty of care on self-service retail store owners after concluding that merchandise displays and advertisements cause customers to be so distracted that they cannot reasonably be expected to observe even an open and obvious danger that exists in an aisle while shopping, i.e., a condition that "an average person with ordinary intelligence would have discovered [ ] upon casual inspection." *Hoffner v Lanctoe*, 492 Mich 450, 461; 821 NW2d 88 (2012). Therefore, the majority concludes, the open and obvious danger doctrine should not apply to floor-level hazards located in aisles containing displays of merchandise and advertising.[1] I disagree and would hold that self-service retail store owners owe the same duty of care as other premises owners and that duty is to

---

[1] This argument was also rejected by this Court in *Charleston*, 124 Mich App at 418. In that case, the plaintiff slipped in a puddle of water while shopping in a supermarket. She argued that the holding in *Jaworski v Great Scott Supermarkets, Inc*, 403 Mich 689, 699; 272 NW2d 518 (1978), created a heightened standard of care for supermarkets, or lowered her standard of care, because of the distractions attracting a shopper's attention away from the floor. *Charleston*, 124 Mich App at 418. Noting that the *Jaworski* Court had held that a customer is not "under an obligation to see every defect or danger in his pathway," this Court nevertheless concluded that the statement did not mean "that the customer may remain blind to visible dangers." *Id.* (quotation marks and citation omitted).

exercise reasonable care to protect customer-invitees from an unreasonable risk of harm caused by a dangerous condition in the store, including in the aisles. And if "special aspects" of an open and obvious condition create an unreasonable risk of harm, the retail store owner is not relieved of its duty to protect its customer-invitees from that risk. See *Lugo*, 464 Mich at 517. But the mere possibility that customers might be distracted by the merchandise displays and advertisements commonly found in all self-service retail stores, alone, neither relieves customers of their duty to exercise reasonable care for their own safety nor imposes a unique duty on self-service retail store owners to protect customers from even open and obvious dangers that do not pose an unreasonable risk of harm.

In this case, plaintiff tripped over an open and obvious display platform located in an aisle of defendant's store. That is, the danger was discoverable by an average person upon casual inspection. See *Hoffner*, 492 Mich at 461. And plaintiff did not argue that "special aspects" of this open and obvious danger created an unreasonable risk of harm. Therefore, defendant did not have a duty to protect plaintiff from tripping over the display platform. Accordingly, consistent with the analysis and holding in *Kennedy*, I would affirm the trial court's order granting summary disposition in favor of defendant.