# STATE OF MICHIGAN

# COURT OF APPEALS

DONYELL NICHOLSON, JR.,

Plaintiff-Appellant,

v

EAGLE THEATER ENTERTAINMENT, LLC,
d/b/a ELEKTRICITY,

Defendant-Appellee.

UNPUBLISHED
June 11, 2015

No. 321326
Oakland Circuit Court
LC No. 2013-134578-NO

Before: STEPHENS, P.J., and BORRELLO and GADOLA, JJ.

PER CURIAM.

In this premises liability action, plaintiff was injured after he slipped and fell on a puddle of liquid, which plaintiff described as smelling of alcohol, on the floor at defendant's nightclub. Plaintiff appeals as of right from the trial court's order granting summary disposition in favor of defendant. We affirm.

We review de novo a trial court's grant of a motion for summary disposition under MCR 2.116(C)(10). *West v Gen Motors Corp*, 469 Mich 177, 183; 665 NW2d 468 (2003). "A motion under MCR 2.116(C)(10) tests the factual sufficiency of the complaint." *Maiden v Rozwood*, 461 Mich 109, 120; 597 NW2d 817 (1999). "Where the proffered evidence fails to establish a genuine issue regarding any material fact, the moving party is entitled to judgment as a matter of law." *Id.* In reviewing such a motion, appellate courts consider "the pleadings, affidavits, depositions, admissions, and other admissible evidence in the light most favorable to the nonmoving party." *DeFrain v State Farm Mut Auto Ins Co*, 491 Mich 359, 366; 817 NW2d 504 (2012). "A genuine issue of material fact exists when reasonable minds could differ on a material issue." *Braverman v Granger*, 303 Mich App 587, 596; 844 NW2d 485 (2014).

To establish a prima facie case of premises liability, a plaintiff must prove the elements of negligence, which are (1) that the defendant owed the plaintiff a duty, (2) that the defendant breached that duty, (3) causation, and (4) damages. *Quinto v Woodward Detroit CVS, LLC*, 305 Mich App 73, 76; 850 NW2d 642 (2014). The parties do not dispute that plaintiff was an invitee at defendant's nightclub on the night of his injury. A premises possessor owes an invitee a duty "to exercise reasonable care to protect the invitee from an unreasonable risk of harm caused by a dangerous condition on the land." *Banks v Exxon Mobil Corp*, 477 Mich 983, 983; 725 NW2d 455 (2007). A premises possessor is liable to its invitees for injuries resulting from an unsafe

condition of the premises if the premises possessor or its employees either caused the dangerous condition through active negligence or had actual or constructive knowledge of its existence. *Clark v Kmart Corp*, 465 Mich 416, 419; 634 NW2d 347 (2001).

In this case, plaintiff does not argue that defendant or its employees created the puddle of liquid on which he slipped, or that defendant or its employees had actual knowledge of the puddle. Rather, plaintiff relies on *Grandberry-Lovette v Garascia*, 303 Mich App 566; 844 NW2d 178 (2014), for the proposition that defendant should be charged with constructive notice of the dangerous condition because it failed to implement an adequate inspection policy, considering the lighting and atmosphere of the nightclub. In *Grandberry-Lovette*, this Court held that a premises possessor owed its invitees a duty to inspect its premises for latent defects, and thus "could be liable for harm caused by a latent dangerous condition if the dangerous condition was of a kind or sort that 'by the exercise of reasonable care' he would have discovered." *Id.* at 573, quoting *Stitt v Holland Abundant Life Fellowship*, 462 Mich 591, 597; 614 NW2d 88 (2000). However, in assessing whether a premises possessor exercised reasonable care in its inspection efforts, the Court affirmed the well-established principle that the law will only "impute knowledge of the dangerous condition to the premises possessor if the dangerous condition is of such a character or has existed for a sufficient time that a reasonable premises possessor would have discovered it." *Grandberry-Lovette*, 303 Mich App at 575, citing *Clark*, 465 Mich at 419-421, and *Serinto v Borman Food Stores*, 380 Mich 637, 640-641; 158 NW2d 485 (1968), and *Hulett v Great Atlantic & Pacific Tea Co*, 299 Mich 59, 68; 299 NW 807 (1941).

Plaintiff presented no evidence that the puddle of liquid that he slipped on existed for a sufficient amount of time that defendant's employees reasonably should have discovered it. In his deposition, which defendant attached to its motion for summary disposition, plaintiff admitted that he did not see anyone spill or knock over any drinks in the area where he fell, he did not know how the puddle of liquid got there, and he did not know how long the puddle had been on the ground when he fell. Plaintiff presented no evidence to support his speculative claim that the liquid existed on the floor for a sufficient amount of time that defendant could be said to have constructive knowledge of the dangerous condition. Accordingly, there was no genuine issue of material fact to submit before a jury regarding the reasonableness of defendant's inspection efforts because the record contained no evidence concerning when the dangerous condition arose.[1] Moreover, we disagree with plaintiff that defendant failed to properly support its motion for summary disposition because defendant specifically identified the issues it believed posed no genuine issue of material fact and supported its assertions with deposition testimony. See MCR 2.116(G)(4).

---

[1] See *Whitmore v Sears, Roebuck & Co*, 89 Mich App 3, 8; 279 NW2d 318 (1979) ("Where there is no evidence to show that the condition had existed for a considerable time . . . a directed verdict in favor the storekeeper is proper."); see also *Clark*, 465 Mich at 421 ("The availability of the inference that the grapes had been on the floor for at least an hour distinguishes this case from those in which defendants have been held entitled to directed verdicts because of the lack of evidence about when the dangerous condition arose.").

Plaintiff argues that we are bound by this Court's conclusion in *Grandberry-Lovette*, 303 Mich App 566. *Grandberry-Lovette* involved a situation in which a woman was injured after she fell on loose bricks that were repaired 9 to 18 months before the incident, and in which the premises possessor stated that he knew bricks had a tendency to deteriorate and become loose after winter. *Id.* at 570-571. The Court held that under those circumstances, there was sufficient evidence to create a question of fact regarding whether the premises possessor had constructive notice of the defect. *Id.* at 584. The hazard presented in this case is readily distinguishable. The puddle of liquid was virtually invisible, as plaintiff himself testified that he could not see it because the floor was glossy. Further, when and how the puddle first appeared remains unknown. Considering these facts, the trial court properly granted defendant's motion for summary disposition.

Affirmed.[2]

/s/ Cynthia Diane Stephens
/s/ Stephen L. Borrello
/s/ Michael F. Gadola

---

[2] In light of our conclusion that the trial court properly granted defendant's motion for summary disposition on the issue of constructive notice, we need not reach the parties' alternative arguments regarding whether the puddle of liquid posed an open and obvious hazard.