# STATE OF MICHIGAN

# COURT OF APPEALS

SANDRA FOSTER and WILLIAM FOSTER,

      Plaintiffs-Appellants,

v

M & H PARTY STORE, INC.,

      Defendant-Appellee.

UNPUBLISHED
February 16, 2017

No. 328283
Monroe Circuit Court
LC No. 14-036470-NI

Before: STEPHENS, P.J., and SAAD and METER, JJ.

STEPHENS, P.J. (*Concurring*).

      I adopt the reasoning of *Quinto v Woodward Detroit CVS*, 305 Mich App 73; 850 NW2d 642 (2014), disapproving *Kennedy*'s[1] application of the open and obvious doctrine to shopkeepers. However, the trial court here based its ruling not on whether the puddle was open and obvious, but on a finding that defendant met its duty to warn invitees by posting wet-floor signs. Plaintiffs' argument that the continuous placement of the signs was a special aspect was an indirect assertion that the warnings were inadequate or ineffective. I agree with the majority that this argument was not well developed or supported by material facts or citation. I write separately only to note that the clear liquid was not open or obvious and that the adequacy of warnings in such circumstances, when supported by competent evidence, can defeat a motion brought under MCR 2.116 (C)(8) and (10). Such was not the case here.

                                  /s/ Cynthia Diane Stephens

---

[1] *Kennedy v Great Atlantic & Pacific Tea Company*, 274 Mich App 710; 737 NW2d 179 (2007).

-1-