# STATE OF MICHIGAN

# COURT OF APPEALS

SANDRA FOSTER and WILLIAM FOSTER,

Plaintiffs-Appellants,

v

M & H PARTY STORE, INC.,

Defendant-Appellee.

UNPUBLISHED
February 16, 2017

No. 328283
Monroe Circuit Court
LC No. 14-036470-NI

Before: STEPHENS, P.J., and SAAD and METER, JJ.

PER CURIAM.

In this premises liability action, plaintiffs appeal the trial court's order that granted defendant's motion for summary disposition under MCR 2.116(C)(10). We affirm.

On October 13, 2012, plaintiff Sandra Foster patronized defendant's convenience store to purchase a bottle of wine. In images from defendant's surveillance camera, plaintiff can be seen walking through the parking lot toward defendant's store at 7:54:54 p.m. The sidewalk appeared to be damp and there were a number of puddles in the far side of the parking lot. As Ms. Foster entered the store, there was a yellow wet-floor sign a few feet from the door, which she passed on her left side. At the same time, defendant's employee was mopping by the front door. At 7:55:05 p.m., plaintiff walked through the aisle in the back of the store and passed a second wet-floor sign on her left side. Ms. Foster entered the wine aisle at 7:55:11 p.m. and fell within 30 seconds, though her actual fall was not visible from any of the surveillance footage.

Plaintiff testified that she did not see any warning signs in defendant's store before she fell. She also recalled that before she slipped, she was looking straight ahead and was not taking any special precautions out of concern that the floors may be wet or slippery. However, after she fell, she discovered that the floor was wet and observed a small puddle of water near the side of the aisle. Ms. Foster acknowledged that the surveillance video showed her walking past two wet-floor signs but testified that "[t]hey weren't there" and that "I did not see it."

Plaintiffs filed a complaint against defendant and alleged that Ms. Foster slipped on a liquid on the floor of defendant's store, which plaintiffs asserted was present because defendant's employee had recently mopped the floor. Ms. Foster sought damages for the injuries she sustained in the fall based on theories of premises liability, "storekeeper's liability," and general negligence. Plaintiffs also alleged that her husband, plaintiff William Foster, was entitled to damages for loss of consortium.

-1-

Defendant filed a motion for summary disposition and argued that it was entitled to judgment as a matter of law because there was no genuine issue of material fact that (1) defendant met its duty of care to warn when it placed wet-floor signs in the store and, alternatively, (2) the condition was open and obvious. The trial court ruled that defendant satisfied its duty to warn invitees of the risk posed by the wet floor by the placement of the caution signs in strategic locations. The court also cited the open and obvious doctrine when it granted defendant's motion for summary disposition.[1]

On appeal, plaintiffs raise three issues that purportedly show that the court erred when it relied on the open and obvious doctrine. However, plaintiffs do not specifically address the trial court's primary ground for granting summary disposition: that defendant fulfilled its duty to protect invitees from unknown dangers when its signs warned customers that the floors were wet. Because plaintiffs do not challenge this necessary ground, they are precluded from any relief on appeal. See *City of Riverview v Sibley Limestone*, 270 Mich App 627, 638; 716 NW2d 615 (2006) ("[A] party's failure to brief an issue that necessarily must be reached precludes appellate relief."); *Roberts & Son Contracting, Inc v N Oakland Development Corp*, 163 Mich App 109, 113; 413 NW2d 744 (1987). Although not necessary for us to address, we nonetheless find that the trial court did not err when it ruled that there is no question of fact that defendant fulfilled its duty to warn.

This Court reviews rulings on summary disposition motions de novo. *Wilson v Alpena Co Rd Comm*, 474 Mich 161, 166; 713 NW2d 717 (2006). "Summary disposition is appropriate under MCR 2.116(C)(10) if there is no genuine issue regarding any material fact and the moving party is entitled to judgment as a matter of law." *West v Gen Motors Corp*, 469 Mich 177, 183; 665 NW2d 468 (2003). "When deciding a motion for summary disposition under this rule, a court must consider the pleadings, affidavits, depositions, admissions, and other documentary evidence then filed in the action or submitted by the parties in the light most favorable to the nonmoving party." *Bialick v Megan Mary, Inc*, 286 Mich App 359, 362; 780 NW2d 599 (2009).

It is undisputed that Ms. Foster was an invitee of defendant's business when she fell on October 13, 2012. As an invitee, defendant owed her a duty to exercise reasonable care to protect her against unreasonable risks of harm from potentially hazardous conditions on its property. *Hoffner v Lanctoe*, 492 Mich 450, 460; 821 NW2d 88 (2012). A premises owner is liable for a breach of this duty when the owner "knows or should know of a dangerous condition on the premises of which the invitee is unaware and fails to fix the defect, guard against the defect, *or warn the invitee of the defect*." *Id*. (emphasis added).

---

[1] While the court acknowledged that the open and obvious doctrine can bar a plaintiff from recovery in a premises liability action, it noted how the *wet floor signs* were open and obvious—not the *hazard* itself. Because the open and obvious doctrine relates to the obviousness of the *hazard*, see *Riddle v McLouth Steel Prod Corp*, 440 Mich 85, 96; 485 NW2d 676 (1992); *Williams v Cunningham Drug Stores, Inc*, 429 Mich 495, 500; 418 NW2d 381 (1988); *Slaughter v Blarney Castle Oil Co*, 281 Mich App 474, 478; 760 NW2d 287 (2008), it is not clear to what extent the court actually relied on this doctrine when it granted summary disposition.

Here, as the trial court correctly noted, there were multiple wet-floor signs present and Ms. Foster "almost had to walk around" two of them while she was inside the store. Thus, we agree with the trial court that there is no question of fact that defendant complied with its duty to warn invitees, such as plaintiff, of the wet-floor dangers present in the store. Accordingly, the court properly granted defendant's motion for summary disposition.

Although plaintiffs do not address the adequacy of the signs related to whether defendant successfully discharged its duty to warn, we will address the adequacy of the signs in this context. As an initial matter, plaintiffs cite no authority for the proposition that a warning must be directly visible from every location that presents a risk of injury. "An appellant may not merely announce his position and leave it to this Court to discover and rationalize the basis for his claims, nor may he give only cursory treatment with little or no citation of supporting authority." *Kubicki v Mortgage Elec Registration Sys*, 292 Mich App 287, 291; 807 NW2d 433 (2011). In any event, it was undisputed that the establishment was a small convenience store. Ms. Foster walked by two signs—one at the entrance to the store and one at the rear of the store—on her way to the wine aisle. Because it was wet outside from rain, which clearly could be brought into the store by patrons, a reasonable person would not take such notice as a warning to only those two specific locations. Instead, one would view the warnings as applying to the entire store. Indeed, in addition to the two signs that Ms. Foster passed, there was at least one other wet-floor sign located elsewhere in the store, and the employee who was mopping was using a yellow mop bucket that also had a "wet floor" warning. Accordingly, we hold that it would be unreasonable to require a shop owner under these circumstances to place wet-floor signs in every aisle. The several signs located throughout the small store complied with the weather conditions, and were more than adequate notice that wet conditions could exist anywhere in the store.

Because there was no issue of material fact with respect to whether defendant had fulfilled its duty to warn customers of any potential wet hazards (and because plaintiffs do not challenge this aspect of the trial court's ruling), we need not address plaintiffs' arguments related to whether the particular hazard here was open and obvious.[2]

---

[2] Of course, a premises owner owes no duty to protect or warn an invitee of dangers that are open and obvious. *Hoffner*, 492 Mich at 460-461. The reason for this rule is that open and obvious dangers "by their nature, apprise an invitee of the potential hazard, which the invitee may then take reasonable measures to avoid." *Id.*

Plaintiffs also argue that there "should" be an independent duty for storekeepers to provide reasonably safe aisles that obviates the open and obvious doctrine. But this suggestion has been rejected in binding precedent in *Kennedy v Great Atlantic & Pacific Tea Co*, 274 Mich App 710; 737 NW2d 179 (2007). The case that plaintiffs rely on, *Quinto v Woodward Detroit CVS*, 305 Mich App 73; 850 NW2d 642 (2014), merely suggested a different outcome than *Kennedy*, but it nonetheless acknowledged that *Kennedy* was controlling. *Id.* at 74-75. Notably, this Court declined the *Quinto* panel's request to convene a conflict panel. Accordingly, were

Affirmed.  Defendant, as the prevailing party, may tax costs pursuant to MCR 7.219.


/s/ Henry William Saad
/s/ Patrick M. Meter

---

we inclined to agree with plaintiffs, which we do not, we would likewise be bound by *Kennedy*. See MCR 7.215(J)(1).