*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

JANET HAUANIO,

    Plaintiff-Appellant,

and

SCAN CLEAR LLC, MERCYLAND HEALTH SERVICES, and ISPINE PLLC,

    Intervening Plaintiffs,

v

ALVIN SMITH, PROGRESSIVE MICHIGAN INSURANCE COMPANY, MICHIGAN ASSIGNED CLAIMS PLAN,

    Defendants,

and

MICHIGAN AUTOMOBILE INSURANCE PLACEMENT FACILITY,

    Defendant-Appellee.

UNPUBLISHED
June 17, 2021

No. 352441
Wayne Circuit Court
LC No. 17-015851-NI

Before: MURRAY, C.J., and FORT HOOD and RICK, JJ.

PER CURIAM.

In this first-party no-fault action, plaintiff appeals as of right the trial court's order dismissing her claim for personal protection insurance (PIP) benefits against the Michigan Automobile Insurance Placement Facility (MAIPF) and denying her motion to amend her complaint to add Farmers Insurance Exchange (Farmers) as a party. We affirm.

I. FACTUAL BACKGROUND

-1-

Plaintiff was a passenger in a vehicle driven by defendant Smith when the vehicle was t-boned and plaintiff was injured. Neither plaintiff nor Smith maintained a no-fault insurance policy, although Smith claimed that he resided with his mother, who was insured by Progressive Michigan Insurance Company (Progressive). Eleven months after the accident, plaintiff sent a letter to the Michigan Assigned Claims Plan (MACP) indicating that she believed Progressive had priority to pay her PIP benefits, but that if not, MACP may be responsible. MACP sent a letter in response indicating that it agreed that Progressive was the highest priority insurer, and that plaintiff was therefore ineligible to receive benefits via MACP.

Approximately one month later, plaintiff sued Progressive for PIP benefits.[1] However, in a separate case, Smith also sued Progressive, and in that case, Smith's claim was dismissed on the basis of the trial court's finding that Smith resided with plaintiff and not with his mother, the insured. On the basis of that ruling, Progressive moved for summary disposition under MCR 2.116(C)(10) against plaintiff in this case. Aware that Progressive was likely to succeed on the merits, plaintiff preemptively moved to amend her complaint to add MACP and MAIPF as parties. The trial court granted that motion. In the amended complaint, plaintiff asked the trial court to order MAIPF to assign her claim to an insurer. At the same time, plaintiff asked the trial court to order MAIPF to pay plaintiff's PIP benefits.

MAIPF filed partial motions for summary disposition; one under MCR 2.116(C)(8) and one under MCR 2.116(C)(10).[2] In its first motion, under MCR 2.116(C)(8), MAIPF argued that it is not an insurer, that it is only obligated to assign eligible claims to a member insurer, and that it therefore had no obligation to pay plaintiff's PIP benefits. In its second motion, under MCR 2.116(C)(10), MAIPF argued that plaintiff was ineligible for assignment because she did not send MAIPF an application for benefits within one year of the accident in which she was injured. Ultimately, the trial court granted MAIPF's motion under MCR 2.116(C)(8), but denied MAIPF's motion under MCR 2.116(C)(10). As for MAIPF's motion under MCR 2.116(C)(8), the trial court noted that MAIPF is not an insurer, and so MAIPF cannot pay PIP benefits. As for MAIPF's motion under MCR 2.116(C)(10), although plaintiff had not yet submitted an official application for benefits with MAIPF, the trial court agreed to allow plaintiff one week to file an application. Once plaintiff filed the application, the trial court agreed to dismiss MAIPF's motion under MCR 2.116(C)(10).

Thereafter, plaintiff submitted her application for benefits to MAIPF, and the trial court dismissed MAIPF's MCR 2.116(C)(10) motion.[3] MAIPF assigned plaintiff's claim to Farmers, and noting that plaintiff was entitled to no further relief from it, MAIPF again moved for summary

---

[1] Plaintiff also asserted an automobile negligence claim against defendant Smith, but plaintiff and Smith stipulated to Smith's dismissal from the lawsuit.

[2] MAIPF also filed another motion under MCR 2.116(C)(8) in which it asked the trial court to dismiss MACP from the case because MACP is not an entity with the capacity to be sued. Plaintiff conceded that MACP did not have the capacity to be sued, and MACP was thereafter dismissed from the case.

[3] It is undisputed that plaintiff's earlier letter to MACP was not an official application of benefits.

disposition under MCR 2.116(C)(10). Plaintiff moved to amend her complaint to substitute Farmers for MAIPF in the lawsuit. The trial court denied that motion. First, the trial court noted that plaintiff could not simply substitute Farmers for MAIPF. Substitution under MCR 2.202(B) is appropriate only if there has been a transfer of interest between two parties, and no transfer of interest occurred here. Second, allowing plaintiff to amend her complaint would be futile, because under the one-year-back rule,[4] plaintiff could not recover any damages incurred more than one year before filing her claim against Farmers. And, if plaintiff filed an amended complaint adding new parties, her amended pleading would not relate back to her prior complaint against MAIPF or Progressive. Having denied plaintiff's motion, and with plaintiff no longer having a claim against MAIPF, the trial court dismissed MAIPF and closed the case.

## II. MAIPF'S LIABILITY FOR PIP BENEFITS

On appeal, plaintiff first argues that the trial court erred by granting MAIPF's motion for summary disposition under MCR 2.116(C)(8), whereby the court dismissed plaintiff's claim for PIP benefits against MAIPF. We disagree.

We review a trial court's decision to grant summary disposition de novo. *Pontiac Police & Fire Retiree Prefunded Group Health & Ins Trust Bd of Trustees v City of Pontiac*, 309 Mich App 611, 617; 873 NW2d 783 (2015). "A motion under MCR 2.116(C)(8) tests the legal sufficiency of the complaint. All well-pleaded factual allegations are accepted as true and construed in a light most favorable to the nonmovant." *Maiden v Rozwood*, 461 Mich 109, 119; 597 NW2d 817 (1999). A trial court should grant a motion under MCR 2.116(C)(8) only if a party's claims are "so clearly unenforceable as a matter of law that no factual development could possibly justify recovery." *Maiden*, 461 Mich at 119, quoting *Wade v Dep't of Corrections*, 439 Mich 158, 163; 483 NW2d 26 (1992). When deciding a motion brought under MCR 2.116(C)(8), the trial court may consider only the pleadings. *Maiden*, 461 Mich at 119-120.

Questions of statutory interpretation are reviewed de novo. *Krusac v Covenant Med Ctr, Inc*, 497 Mich 251, 255; 865 NW2d 908 (2015).

> As with any statutory interpretation, our goal is to give effect to the Legislature's intent, focusing first on the statute's plain language. When the language of a statute is unambiguous, the Legislature must have intended the meaning clearly expressed, and the statute must be enforced as written. No further judicial construction is required or permitted. [*Id*. at 255-256 (citations omitted).]

As an initial matter, we note that plaintiff's claim is governed by the version of the no-fault act, MCL 500.3101 *et seq*., existing before June 11, 2019. Our Legislature substantially amended the no-fault act by 2019 PA 21, effective June 11, 2019. See *George v Allstate Ins Co*, 329 Mich App 448, 451 n 3; 942 NW2d 628 (2019). But, because this case was commenced before the

---

[4] Under the one-year-back rule, MCL 500.3145(1), a claimant is precluded from recovering any portion of his or her loss incurred more than one year before the date on which the claimant commenced his or her action. *Bronson Methodist Hosp v Allstate Ins Co*, 286 Mich App 219, 224; 779 NW2d 304 (2009).

June 11, 2019 amendments, those amendments to the no-fault act are inapplicable to this case. *Id*. (noting that June 11, 2019 amendments do not have retroactive effect). For that reason, all references to the no-fault act herein are to the version of the act in effect at the time plaintiff commenced her action.

Plaintiff relies on *Mich Head & Spine Inst, PC v Mich Assigned Claims Plan*, 331 Mich App 262; 951 NW2d 731 (2019), for the contention that the trial court erred by dismissing her claim for PIP benefits against MAIPF.[5] In that case, we held that "plaintiffs may seek PIP benefits from MAIPF directly" where "MAIPF has not assigned [a] claim to a servicing insurer." *Mich Head & Spine Inst*, 331 Mich at 274.[6] Nothing about *Mich Head & Spine Institute*, however, suggests that a plaintiff may maintain a lawsuit against MAIPF after MAIPF has assigned the claim to a servicing insurer. See *id*. Here, MAIPF assigned plaintiff's claim to Farmers. After that point, plaintiff could no longer maintain a claim for PIP benefits against MAIPF.

And, although the trial court dismissed plaintiff's claim for PIP benefits before MAIPF formally assigned the claim to Farmers, this is of no moment. Just after the trial court dismissed plaintiff's claim against MAIPF for payment of PIP benefits, MAIPF assigned plaintiff's claim to Farmers. Consequently, any error here was subsequently cured and does not require reversal. See *Ypsilanti Fire Marshal v Kircher*, 273 Mich App 496, 528-529; 730 NW2d 481 (2007) (holding that error of trial court did not require reversal because error was subsequently cured and error had no effect on the outcome); MCR 2.613(A).

## II. MOTION TO AMEND COMPLAINT

Plaintiff next argues that the trial court abused its discretion by denying her motion to amend her complaint to add Farmers as a party. We disagree.

We review a trial court's decision regarding a motion to amend the pleadings for an abuse of discretion. *Sanders v Perfecting Church*, 303 Mich App 1, 9; 840 NW2d 401 (2013). A court abuses its discretion when it selects an outcome that falls outside the range of reasonable and principled outcomes. *Maldonado v Ford Motor Co*, 476 Mich 372, 388; 719 NW2d 809 (2006). In addition, "[t]his Court reviews de novo whether the trial court properly interpreted and applied

---

[5] We note that MAIPF argues that *Mich Head & Spine* was wrongly decided. We are bound by this published decision. See *Quinto v Woodward Detroit CVS, LLC*, 305 Mich App 73, 75; 850 NW2d 642 (2014); MCR 7.215(J)(1) ("A panel of the Court of Appeals must follow the rule of law established by a prior published decision of the Court of Appeals issued on or after November 1, 1990, that has not been reversed or modified by the Supreme Court, or by a special panel of the Court of Appeals as provided in this rule.").

[6] Although *Mich Head & Spine Institute* was decided while this case was pending on appeal, it undoubtedly applies to this case because it did not establish a new principle of law; it simply interpreted MCL 500.3175(1). See *Clay v Doe*, 311 Mich App 359, 364; 876 NW2d 248 (2015) (opinions merely interpreting existing statutes are given retroactive effect because they are not generally considered to have established new principles or rules of law).

the relevant statutes and court rules." *Franks v Franks*, 330 Mich App 69, 86; 944 NW2d 388 (2019).

"A trial court should freely grant leave to amend a complaint when justice so requires." *Wolfenbarger v Wright*, ___ Mich App ___, ___; ___ NW2d ___ (2021) (Docket No. 350668); slip op at 9; MCL 2118(A)(2). A trial court does not abuse its discretion in denying a motion to amend if the amendment would be futile. *Wright*, ___ Mich App at ___; slip op at 9. An amendment is futile where it fails to state a claim upon which relief can be granted. See *Hakari v Ski Brule, Inc*, 230 Mich App 352, 355; 584 NW2d 345 (1998) ("An amendment is futile where, ignoring the substantive merits of the claim, it is legally insufficient on its face.") (quotation marks and citation omitted). In this case, the trial court correctly concluded that plaintiff's amendment would be futile.

After a claimant receives notice from MAIPF that his or her claim has been assigned to a servicing insurer, the claimant has a limited time in which to file an action against the servicing insurer. In relevant part, MCL 500.3174 states, "[a]n action by the claimant shall not be commenced more than 30 days after receipt of notice of the assignment or the last date on which the action could have been commenced against an insurer of identifiable coverage applicable to the claim, whichever is later." MCL 500.3174.

In this case, plaintiff does not dispute that this provision required her to commence an action against Farmers by September 11, 2019—or within 30 days of receiving notice of the assignment. Rather, plaintiff suggests that she complied with this provision by commencing her action against MAIPF via her amended complaint on February 25, 2019. According to plaintiff, MAIPF and Farmers may be treated as the same party because they are in privity with one another. Thus, plaintiff opines, she complied with the time requirements of MCL 500.3174. We are not persuaded.

MAIPF and Farmers are not the same party nor are they privies. Farmers is an insurance company. MAIPF is a nonprofit organization of every insurer authorized to write automobile insurance in Michigan, tasked by our Legislature with administering MACP. MCL 500.3301; *Commerce & Indus Ins Co v Dep't of Treasury*, 301 Mich App 256, 266; 836 NW2d 695 (2013). Even though plaintiff recognizes that MAIPF and Farmers are not literally the same party, she argues that MAIPF and Farmers should be treated as if they are the same party because they are in privity with one another. In support of this argument, plaintiff notes that this Court has recognized that servicing insurers "act on the behalf of MAIPF." See *Mich Head & Spine Inst, PC*, 331 Mich App at 274, citing *Candler v Farm Bureau Mut Ins Co of Mich*, 321 Mich App 772, 781; 910 NW2d 666 (2017).

This does nothing to advance plaintiff's position. To begin, the concept of privity arises in the context of claim preclusion and collateral estoppel—neither of which are at issue here. See, e.g., *Moses v Dep't of Corrections*, 274 Mich App 481, 503; 736 NW2d 269 (2007). And even in that context, courts do not ask whether two parties are in privity to determine if they are actually one party masquerading as two. They ask whether two parties are in privity to determine if one of those parties may be bound by a prior proceeding in which the other party participated. See *Adair v State*, 470 Mich 105, 121-122; 680 NW2d 386 (2004); *Taylor v Sturgell*, 553 US 880, 892-893; 128 S Ct 2161; 171 L Ed 2d 155 (2008). The idea is that the two parties are so closely aligned,

that if one of those parties had their day in court, so did the other. See *Taylor*, 553 US at 892-893. Accordingly, whether MAIPF and Farmers could be considered privies is beside the point. For even if they were, it would not lead to the conclusion plaintiff asks this Court to draw: that MAIPF and Farmers are literally the same party.[7]

Next, plaintiff suggests that her commencing an action against MAIPF on February 25, 2019, equates with commencing an action against Farmers because MAIPF and Farmers represent the same interest. Thus, styling her motion to amend her complaint as a motion to substitute under MCR 2.202(B), plaintiff argues that the trial court could have substituted Farmers in place of MAIPF. Although plaintiff's motion was plainly a motion to amend her complaint,[8] plaintiff's argument is incorrect as a matter of law.

MCR 2.202(B) states:

If there is a change or transfer of interest, the action may be continued by or against the original party in his or her original capacity, unless the court, on motion supported by affidavit, directs that the person to whom the interest is transferred be substituted for or joined with the original party, or directs that the original party be made a party in another capacity. Notice must be given as provided in subrule (A)(1)(c). [MCR 2.202(B)].

---

[7] Plaintiff also argues that, had she filed a separate action against Farmers while her action against MAIPF was still pending, her action against Farmers would be subject to dismissal under MCR 2.116(C)(6). Citing an unpublished opinion from this Court, plaintiff argues that the phrase "same parties" in MCR 2.116(C)(6) also refers to a party's privies. Notwithstanding that plaintiff cites an unpublished decision for this proposition, her argument lacks merit. *Usitalo v Landon*, 299 Mich App 222, 227 n 1; 829 NW2d 359 (2012) (noting that an unpublished opinion is not precedentially binding under the rule of stare decisis); MCR 7.215(C)(1). Even if MCR 2.116(C)(6) applies to a party's privies, and even if MAIPF and Farmers were privies, MCR 2.116(C)(6) would not bar plaintiff's action against Farmers. MCR 2.116(C)(6) provides that an opponent may move for dismissal of an action if "[a]nother action has been initiated between the same parties involving the same claim." MCR 2.116(C)(6); *Fast Air, Inc v Knight*, 235 Mich App 541, 545; 599 NW2d 489, 491 (1999). The other action involving the same parties and the same claim must be pending at the time the court decides the motion. *Id*. at 545. After MAIPF assigned plaintiff's claim to Farmers, plaintiff no longer had a pending claim against MAIPF for PIP benefits. Thus MCR 2.116(C)(6) would not apply here.

[8] Plaintiff never cited MCR 2.202(B) in any of her filings below. Indeed, her ostensible motion to substitute is titled "Plaintiff's Motion to Amend Complaint to Substitute Farm Bureau Insurance for MAIPF," and she cites only to MCR 2.118(A)(2) in the motion. Also, even if plaintiff intended for her motion to be a motion to substitute, she failed to comply with MCR 2.202(B), because she never provided Farmers with notice. See MCR 2.202(B)("Notice must be given as provided in subrule (A)(1)(c).").

MCR 2.202(B) generally applies when a party transfers his or her cause of action or property interest that is at issue in a litigation to a new party—thus making that new party the real party in interest in the litigation. See e.g., *Church & Church Inc v A-1 Carpentry*, 281 Mich App 330, 337-338; 766 NW2d 30 (2008) (counterplaintiff assigned mortgage to new party, rendering the new party the real party interest in counterplaintiff's breach of contract action); *Eller v Metro Indus Contracting, Inc*, 261 Mich App 569, 574-575; 683 NW2d 242 (2004) (subrogee assumed subrogor's right to reimbursement from defendant, rending subrogor real party in interest; *Saph v Auditor Gen*, 317 Mich 191, 202; 26 NW2d 882 (1947) (plaintiff sued to cancel property taxes on his real property; while plaintiff's suit was pending, plaintiff sold the property to a new party rendering that party the real party in interest).

In this case, no cause of action or property interest belonging to MAIPF was at issue in the litigation below, and no interest was exchanged between MAIPF and Farmers. Although MAIPF designated Farmers as the servicing insurer for plaintiff's claim, in doing so MAIPF did not actually transfer anything to Farmers; MAIPF simply directed plaintiff who to sue for PIP benefits. As such, because plaintiff failed to commence an action against Farmers within 30 days of receiving notice of assignment any action against Farmers would have been time barred. For that reason, her amendment would have been futile. Although the trial court concluded plaintiff's motion to amend was futile for reasons different than our own, the trial court nonetheless reached the correct result. See *Lewis v Farmers Ins Exch*, 315 Mich App 202, 216; 888 NW2d 916 (2016) (noting that this Court will not reverse when the trial court reaches the correct result for an incorrect reasons).

### III. CONCLUSION

The trial court did not err in granting MAIPF's motion for summary disposition as to MAIPF's responsibility to pay PIP benefits, and the trial court did not abuse its discretion in denying plaintiff's motion to amend her complaint.

Affirmed.

/s/ Christopher M. Murray
/s/ Karen M. Fort Hood
/s/ Michelle M. Rick

-7-